Marie Margaret **GOEDECKE** and Ray C. Goe-decke, Plaintiffs-Appellants,

v.

**BI–STATE DEVELOPMENT AGENCY OF MISSOURI–ILLINOIS and H. F. Morgan, Defendants-Respondents.**

No. 32304.

St. Louis Court of Appeals.

Missouri.

Jan. 17, 1967.

Motion for Rehearing or to Transfer to Supreme Court Denied
Feb. 21, 1967.

Application to Transfer Denied
March 13, 1967.

Gerritzen & Gerritzen, by Ray A. Gerritzen, St. Louis, for appellants.

Vernon Riehl, St. Louis, for respondents.

CLEMENS, Commissioner.

Defendant Bi-State Development Agency of Missouri-Illinois has moved to dismiss this appeal, mainly because the statement of facts in plaintiffs' brief violates Civil Rule 83.05(c), V.A.M.R. That rule requires a concise, narrative statement of the facts relevant to questions presented for determination; it forbids recitation of formal matters. Instead, in 29 numbered paragraphs, plaintiffs' statement summarizes the pleadings, opening statements, voir-dire examination, testimony of each witness, objections, motions, instructions given and refused, arguments, verdict and after-trial proceedings. This violates the rule. However, plaintiffs' brief does reasonably inform defense counsel and this court of the grounds of their appeal. We have decided to deny the motion and consider the merits.

The appeal presents two intertwined issues: Can a verdict stand against the defendant carrier when the jury found in favor of the defendant bus driver on plaintiff's charge of negligently discharging her at an unsafe place? Was the defendant carrier obligated *to provide and maintain* a safe landing zone for plaintiff passenger to alight from its bus onto a public street?

By Count I plaintiff Marie Margaret Goedecke sued Bi-State and its bus driver H. F. Morgan, claiming that because of their negligence in failing to provide her a safe place to land she was injured when she stepped from a bus onto a rough area of Bi-State's bus passenger zone in a public street. Her evidence showed: She was a passenger on Bi-State's Baden bus driven by its employee, defendant Morgan. She got off when the bus stopped at the intersection of Halls Ferry and Chambers Roads, public streets in an unincorporated area of St. Louis county. In coming to a stop the bus had pulled partly off the blacktop paving onto the graveled shoulder. This area was unmarked but had been designated and used as a bus passenger zone for many years. From the right side of the stopped bus a rocky shoulder extended outward eight feet to a ditch. The county "took care of the rock." The underlying layer of the shoulder was hard packed rock, with numerous depressions. Someone—Mrs. Goedecke said "they"—spread gravel over the area from time to time. It had recently been graveled—no one said by whom—and the fresh gravel covered the depressions, giving the area a level appearance. (There was no evidence of any other *conduct* of Bi-State relating to the bus passenger zone.) Mrs. Goedecke stepped down from the bus, took another step forward, and fell when her foot sank through soft gravel into a depression. Her injuries are not at issue.

Mrs. Goedecke pleaded and submitted that defendant Morgan and defendant Bi-State, by and through its employee Morgan, were negligent in discharging her at an unsafe place. The jury brought in a verdict against defendant Bi-State, awarding Mrs. Goedecke $2,300 damages; but it found in favor of defendant Morgan. The court followed the verdict and rendered judgment against defendant Bi-State and in favor of defendant Morgan. Mrs. Goedecke was content; she did not file a motion for new trial. Bi-State filed an after-trial motion for judgment, contending that its liability could arise only from the negligence of its driver and that the verdict exonerating the driver from negligence thereby exonerated Bi-State as a

matter of law. The trial court agreed, and filed a terse memorandum:

"The Court is of the opinion in that plaintiffs' amended petition alleged and charged Bi-State Development Agency, the corporate defendant, solely and only on the basis of the negligence of its operator, thereby invoking as its sole theory the principle of respondeat superior, and likewise, submitted to the jury on that theory only, it is the judgment of this Court that a verdict discharging the operator for whose negligence only it is sought to hold the corporate defendant, there can be no judgment against either defendant. * * *"

The court took away Mrs. Goedecke's judgment and entered judgment in favor of Bi-State. Mrs. Goedecke appeals from that judgment.

It will clear the air to note that one issue of the case has been finally adjudicated below and is not before us: the defendant driver was not negligent on the pleaded and submitted ground of discharging plaintiff at an unsafe place. This, because the jury so found by its verdict in his favor; judgment for him was entered accordingly; Mrs. Goedecke did not file a motion for new trial; and she has not appealed from the judgment in Morgan's favor. That book is closed.

As pleaded and submitted by Mrs. Goedecke, Bi-State's negligence was derivatively based on Morgan's active negligence; but by the verdict and judgment, Morgan was not negligent. So, Bi-State is not liable. Stoutimore v. Atchison, Topeka & Santa Fe Ry. Co., 338 Mo. 463, 92 S.W.2d 658 [1]; Stokes v. Wabash Ry. Co., 355 Mo. 602, 197 S.W.2d 304, 1. c. 308. As said in Presley v. Central Terminal Co., Mo.App., 142 S.W.2d 799 [4]: "The verdict of the jury [in favor of the employee] removed the very foundation upon which the charge against defendant Terminal Company of derivative liability rested. The foundation

having thus fallen, the superstructure went down with it."

Mrs. Goedecke now tries to escape this collapse of her case. She points to the principle stated in Devine v. Kroger Grocery & Baking Co., 349 Mo. 621, 162 S.W.2d 813 [4–7], and Stokes v. Wabash Ry. Co., supra. There, at 197 S.W.2d 1. c. 308, the court declared the general rule as to derivative liability, but added: "On the other hand, if the liability of the master is not predicated *solely* upon the negligence of the servant in whose favor a verdict has been found, but as well upon the negligence of another servant, then the verdict against the master will be sustained notwithstanding the verdict in favor of the servant."

Mrs. Goedecke claims she comes within this exclusionary principle. She argues that Bi-State is liable—independent of the conduct of its driver Morgan—because *Bi-State* failed in its duty *to provide* a safe place to alight. She claims the present right to assert Bi-State's independent liability on three procedural grounds: that the case was actually tried on that theory; that after final judgment she offered to amend her petition by pleading that Bi-State negligently failed to provide a safe place to alight; and that the trial court had refused a verdict-directing instruction based on that failure. Before trying to unsnarl these procedural contentions, we must determine the underlying claim of liability: whether Bi-State had and breached a duty—separate from the conduct of its driver—to provide a reasonably safe landing area on the public highway.

The phrase "provide a safe place to alight" has two meanings in Missouri decisions. On one hand it refers to the duty of a carrier *to erect and maintain* a safe area for passengers to alight from its vehicle. The phrase is so used in cases where railroads maintain their own depots. On the other hand, the phrase refers to the duty of a carrier *to stop its vehicle at a place* where its passengers can alight with reasonable safety. The phrase is so used in

cases where streetcars or busses operate on public streets.

■ Here, we are not dealing with the duty of a carrier, such as a railroad, that erects and maintains platforms on its own premises; such a carrier does have a duty to provide and maintain its platforms in a reasonably safe condition. (See 6 Mo. Digest, Carriers ⚚286.) Instead, we are dealing with the duty of a carrier that uses the public streets to discharge its passengers. Since carriers operating on public highways neither own nor control the highways, they are not responsible for the condition of landing areas—that is a municipal duty. See Lucas v. St. Louis & Suburban Ry. Co., 174 Mo. 270, 73 S.W. 589, where the carrier was held not liable for injuries caused by a stump in a passenger loading zone in a public street. See Hiltner v. Kansas City-Mo., 293 S.W.2d 422, where the carrier was held not liable for the defective maintenance of a safety zone used for discharging passengers in a city street. See, also, 14 Am.Jur. 2d, Carriers § 984, and 13 C.J.S. Carriers §§ 714 b and 716.

These respective duties of a municipality and a carrier are distinguished in Young v. Kansas City Public Service Co., Mo.App., 255 S.W.2d 113. There a passenger sued both the city and the carrier for injuries suffered from stepping into a hole in the city's pavement when alighting from the carrier's streetcar. At l. c. 115–116 the court held it was the city's duty to maintain the street in a reasonably safe condition, and the carrier's duty to use the highest degree of care *to stop the car* at a reasonably safe place or, stated otherwise, *to select* a reasonably safe place for passengers to alight. The court quoted from Caley v. Kansas City, 226 Mo.App. 934, 48 S.W.2d 25: "The duty of the company is to stop its car at a point beyond or short of the defect in the street or to warn the passenger of its presence unless its presence is glaringly obvious." To the same effect, see Beahan v. St. Louis Public Service Co., Mo.App., 213 S. W.2d 253 [5], and Wilson v. Kansas City

Public Service Co., Mo.App., 238 S.W.2d 73 [1].

■ Applying these principles to this case, Bi-State's only duty was to select and stop its bus at a place reasonably safe for Mrs. Goedecke to alight. Under the evidence here, the act of selecting and stopping the bus at a safe place was a duty that Bi-State could fulfill only through the mind and body of its driver, defendant Morgan. By its verdict in favor of Morgan, the jury found there was no breach of Bi-State's duty. Beyond that duty, there was no obligation on Bi-State to provide a safe place to alight onto a public street. Thus, plaintiff's evidence did not entitle her to a submission against Bi-State on any negligence except that of its driver, defendant Morgan. The trial court properly set aside the verdict and judgment against Bi-State.

■ This leaves only one other point raised by Mrs. Goedecke: her contention that the trial court erred in denying plaintiffs' motion for a mistrial made when defense counsel argued to the jury that plaintiffs must prove their case "to your satisfaction and *to* the preponderance of the evidence." The court denied the motion. Then, on plaintiffs' motion the court instructed the jury to disregard the word "satisfaction." The trial court dealt with this matter correctly and adequately; there was no prejudicial error.

■ By Count II, plaintiff Ray C. Goedecke sued for medical expenses and loss of consortium. The jury found against him and in favor of both defendants. By his motion for new trial, and for his only point here, Mr. Goedecke says the trial court should have granted him a new trial on the issue of damages because liability was established by the verdict against Bi-State, and also because his evidence of damages was uncontradicted. Both grounds fail. As held, Bi-State was not liable; and the jury did not have to accept Mr. Goedecke's evidence as to damages.

Finding no error on the grounds assigned by either plaintiff, the judgment is affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, it is ordered that defendants' motion to dismiss plaintiffs' appeal be denied, and that the judgment be affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.