Nelson C. LIGGETT,
Defendant-Appellant,

v.

Sherry TORREGROSSA,
Plaintiff-Respondent.

RIGHTER TRUCKING COMPANY,
Defendant-Appellant,

v.

August V. TORREGROSSA and Sherry
Torregrossa, Plaintiffs-Respondents.

August V. TORREGROSSA and Sherry
Torregrossa, Plaintiffs-Appellants,

v.

Nelson C. LIGGETT and Righter
Trucking Company,
Defendants-Respondents.

August V. TORREGROSSA and Sherry
Torregrossa, Plaintiffs-Appellants,

v.

RIGHTER TRUCKING COMPANY,
Defendant-Respondent.

Nos. 42201, 42202, 42263 and 42300.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 2, 1982.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
March 19, 1982.

Mark G. Arnold, Husch, Eppenberger, Donohue, Elson & Cornfeld, Charles E. Merrill, St. Louis, for defendant-appellant.

Melvin Heller, Jay Burns, Clayton, Richard Wuestling, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

These appeals arise from an action for personal injuries caused by an accident on I–70 in the City of St. Louis. Some exposition of the facts is required to understand the matters before us on appeal.

Defendant Mosley was driving on an overpass on I–70 over Buchanan Street, when he lost control of his vehicle and collided with the guardrail on the overpass. It was raining and the road was slick. Mosley testified he had a blow out which combined with the wet pavement to cause the loss of control. Plaintiff, Gus Torregrossa, in a car following Mosley, avoided the Mosley vehicle but his automobile was struck by fiberglass material from the Mosley vehicle. Torregrossa then pulled his automobile to the right side of the road and stopped. His vehicle was stopped either on the overpass or on the shoulder beyond the overpass. This fact was disputed. He left his car and went back to the location of the Mosley vehicle. A short time after the original accident, a tractor-trailer, owned by defendant Righter Trucking Company, and driven by its admitted employee and agent, Liggett, arrived at the scene. The truck was unable to stop and struck the Mosley car,[1] then the Torregrossa car, and came to rest on the left side of the westbound highway protruding over or through the guardrail separating that portion of the highway from the eastbound lanes. When he became aware of the approaching tractor-trailer, Torregrossa was, by his evidence, standing with Mosley and Mosley's companion on a narrow concrete sidewalk next to the right guardrail. The tractor-trailer

---

1. There was evidence it sideswiped another car stopped for the accident prior to contact with Mosley's car.

came within inches of the position of Torregrossa, Mosley and Mosley's companion. In some manner Torregrossa ended up hanging by his hands from the guardrail over Buchanan Street, 25 feet below. Mosley and another unidentified man pulled Torregrossa back up to the highway. Torregrossa was not struck by the truck and sustained rather minor physical injuries, but there was evidence he sustained serious emotional and psychological injury. The evidence was sufficient to justify a finding that Torregrossa went over the guardrail in an attempt to avoid being struck by the tractor-trailer.

Torregrossa sued Mosley, Righter and Liggett for personal injuries and property damage sustained in the accident. Righter's liability was alleged solely upon the actions of its agent, Liggett. Torregrossa's wife, Sherry, joined in the suit seeking damages for loss of consortium. Righter filed a counterclaim against Torregrossa and a cross-claim against Mosley for damage to the truck, towing charges and loss of use. Torregrossa filed a claim for contribution against Mosley on Righter's counterclaim. The trial court sustained Mosley's motion for directed verdict at the conclusion of the plaintiffs' case and Righter dismissed its cross-claim against Mosley. The trial court sustained Torregrossa's motion for directed verdict on Righter's counterclaim at the conclusion of all the evidence.

The jury returned the following handwritten verdicts:

"We, the jury, find the issues in favor of the plaintiff August V. Torregrossa and against defendant <u>Righter Trucking Co. Inc.</u> and we assess plaintiff's damages as follows:

For personal injuries    $34,000

For property damage    <u>1,000</u>

And we further find the issues in favor of the defendant    <u>none</u>." (underlining in original)

**2.** The question as quoted was directed in that form to only the first juror; the question to the

"We, the jury, find the issues in favor of both defendants, and against plaintiff Sherry Torregrossa."

During summation plaintiffs' counsel on two occasions erroneously suggested that the jury could return its verdicts against the employer (Righter) but need not find against the employee (Liggett). *Goedecke v. Bi-State Development Agency,* 412 S.W.2d 189 (Mo.App.1967) l.c. 191. After the verdicts were returned and before the jury was discharged, plaintiffs' attorney sought to confirm "the clear intent of the Jury" that the verdict was against only the employer and not against the employee. The court then inquired of each of the ten jurors who signed the verdict in favor of Torregrossa whether they were "holding Righter Trucking Company liable and not the driver."[2] All responded affirmatively.

Torregrossa filed a motion for new trial against Mosley, Righter and Liggett on the question of liability only. Sherry Torregrossa sought a new trial against Mosley, Righter and Liggett on all issues. Righter sought a judgment in accordance with its motion for directed verdict, for a new trial on all issues as to Torregrossa's claim, and for a new trial on its counter-claim. The trial court granted Righter a new trial on Torregrossa's suit on all issues on the basis of "an inconsistent verdict;" granted Sherry Torregrossa a new trial against Righter and Liggett on the grounds the verdict against her was "inconsistent"; denied Torregrossa's motion for new trial on his claim against Mosley; denied Righter's motions for judgment against Torregrossa on Torregrossa's claim and for a new trial on its counterclaim, and denied, by failing to rule within 90 days, Sherry Torregrossa's motion for new trial against Mosley and Torregrossa's motion for new trial against Liggett.

This spawned four appeals:

(1) Liggett from the order granting Sherry Torregrossa a new trial against him;

remaining jurors were phrased "is that how you feel?"

(2) Righter from the denial of its motion for judgment against Torregrossa, the grant of a new trial to Sherry Torregrossa, and the denial of a new trial on its counterclaim;

(3) Both Torregrossas from the order granting Righter a new trial on all issues;

(4) Both Torregrossas from the order granting Righter a new trial as to each of them and the order denying a new trial as to Torregrossa against Liggett. (This last appeal was taken out of time by leave of this court pursuant to Rule 81.-07).[3]

We consolidated all appeals.

The first worm out of the can must be the status of the jury verdict as to Torregrossa. In *Thorne v. Thorne*, 350 S.W.2d 754 (Mo.1961) the court set out the general principles applicable to defective verdicts:

"A verdict is the sole basis of the judgment to be entered in a jury case and if it is not sufficient to sustain the judgment, the latter is void . . . . The verdict must be responsive to all the material issues, and it should find the issues for or against the respective parties . . . . Mere surplusage in a verdict has often been disregarded . . . . It has been stated that the courts will construe a verdict liberally in an effort to ascertain the jury's intent . . . . And, of course, the court considers a verdict to see if it can find a reasonably clear intent expressed therein, though perhaps inartfully expressed . . . ." (Citations omitted) [1–3].

■ Applying these principles to the case before us we conclude that the verdict is insufficient to sustain a judgment, thereby rendering such judgment void. The verdict never addresses the liability of Liggett to Torregrossa. It finds neither for nor against him. The trial court apparently interpreted the word "none" at the end of the first verdict as directed to Liggett. This is sheer supposition as the verdict does not reflect what that word pertains to.

The parties are entitled to the unconditional judgment of the jury, rather than a court's interpretation of its finding. *Boone v. Richardson*, 388 S.W.2d 68 (Mo.App.1965) [14–16]. They did not get such a judgment here.

Nor did the court's questioning of the jury clarify the jury's intent. The question posed utilized the word "liable." That word (while possibly having a particular meaning to lawyers) may well convey either of at least two meanings to laymen. It may on the one hand be considered to encompass the elements of relationship and conduct necessary to create the obligation of the "liable" party to respond in damages to his adversary. It may also convey a more general concept of whether the person "liable" is to be required to pay damages to his adversary. From the question asked of the jurors we are unable to determine whether the jurors found Liggett was not negligent or that he was negligent but should not be required to personally respond with damages. Either finding is contrary to the instructions of the court in view of the finding against Righter. *See Goedecke v. Bi-State Development Agency, supra.* This of necessity disposes of Righter's contention that pursuant to *Goedecke, supra,* it is entitled to judgment because the jury has found in favor of Liggett, the agent, thereby also finding in favor of the principal as a matter of law. The verdict and the court's questioning do not reveal whether or not the jury found Liggett to have been negligent. There simply is no finding as to Liggett. It is therefore impossible to tell whether the verdict as to Torregrossa's claim is inconsistent. We therefore conclude that the verdict was infirm and insufficient to support a judgment. The trial court should have ordered a new trial in Torregrossa's suit against both Righter and Liggett on all issues. *Thorne v. Thorne, supra.*

■ As to Sherry Torregrossa's claim, the new trial ordered was proper. Defendants do not dispute that, under the law, if a

---

**3.** No appeals were taken as to Mosley and he is no longer of concern to these appeals.

finding was made in favor of Torregrossa, a verdict against his wife was inconsistent. *See, Foster v. Rosetta,* 443 S.W.2d 183 (Mo. 1969) [4] and *Stroud v. Govreau,* 495 S.W.2d 682 (Mo.App.1973) [2]. Defendants rather base their attack on the grant of a new trial as to Sherry upon the arguments advanced in support of their request for judgment, i.e., that the jury found for Liggett and therefore as a matter of law for Righter which would in turn preclude any recovery by Sherry. For the reasons heretofore stated we reject such arguments.

 Defendant Righter also claims the trial court erred in refusing a new trial on its counterclaim. This issue is determined by whether the trial court properly directed a verdict against Righter on the counterclaim. We find it did. Righter premised Torregrossa's liability upon his conduct in failing to stop his car as far to the right of the road as possible and in stopping, parking, abandoning and failing to warn of the presence of his vehicle on the traveled portion of the roadway. Liggett testified that Torregrossa's car was parked as close to the right side of the road as it was possible to park it, so that claim is unsupported by defendant's evidence by which it is bound.

If it can be presumed that a jury could find Torregrossa negligent in parking his vehicle on the traveled portion of the highway, if in fact he did, such negligence was not the proximate cause of the damage to Righter's truck. Liggett testified he saw Mosley's vehicle before he saw Torregrossa's. He testified that when he realized he could not stop his truck on the rain-slick highway he initially attempted to go to the right of Mosley's vehicle and to the left of Torregrossa's. This plan was thwarted when he saw a pedestrian, possibly Torregrossa, step from behind Mosley's vehicle into the path Liggett intended to take. Liggett then turned back to his left to go around Mosley's vehicle on the left. When the pedestrian left the path of Liggett's original planned route Liggett attempted to reinstitute the original plan but at that time it was too late and he made contact with Mosley's vehicle and lost whatever control he still had. He did not know whether he hit Torregrossa's vehicle. The cause of the accident which damaged Righter's vehicle, under Righter's evidence, was the presence of the Mosley car and the pedestrian, not the presence of Torregrossa's vehicle. Righter did not plead negligence against Torregrossa for moving into Liggett's path nor under the facts was there any evidence that the movement of the pedestrian from a place of danger behind Mosley's car to a place of greater safety was negligent. The trial court correctly directed a verdict on the counterclaim.

The parties have raised a number of other arguments and contentions of error. What we have heretofore said disposes of the arguments. The other contentions of error are unlikely to arise on retrial or fall within the discretionary authority of the trial court and need not be discussed.

Cause remanded with directions to grant a new trial to August Torregrossa and Sherry Torregrossa against Righter Trucking Co. Inc. and Nelson Liggett on all issues.

Judgment on Righter Trucking Co. Inc's. counterclaim is affirmed.

SATZ and PUDLOWSKI, JJ., concur.