**Irene DENNY, Plaintiff-Appellant,**

v.

**John P. MATHIEU, d/b/a 7-Up Bottling Company, Defendant-Respondent.**

No. 53379.

Supreme Court of Missouri,
En Banc.

March 9, 1970.

Rehearing Denied April 13, 1970.

Orville C. Winchell, Lebanon, Orville Richardson, St. Louis, R. Jack Garrett, West Plains, for plaintiff-appellant.

Farrington, Curtis & Strong, E. C. Curtis, Thomas Strong, Springfield, for defendant-respondent.

FINCH, Judge.

Plaintiff, a passenger in her husband's automobile, sued to recover $35,000 for personal injuries received when the car

collided at night with an unlighted truck which was stopped with the back end protruding out into the lane of the highway in which the automobile was traveling. The suit was filed against both the owner of the truck, Mathieu, and the driver, Rhodes. At the conclusion of all the evidence, plaintiff dismissed without prejudice as to Rhodes. Subsequently, after colloquy between counsel as to the reason for and the effect of such dismissal, counsel for plaintiff, during final argument, in response to defendant's contention, announced that "the case is dismissed as far as Rhodes is concerned with prejudice." Argument then was concluded and the case submitted to the jury, which returned a verdict in favor of defendant Mathieu. Plaintiff's motion for new trial was overruled and she appealed.

■ Plaintiff asserts that alleged error in instructions and improper argument of counsel to the jury entitle her to a new trial. However, we first are confronted with and must decide the question raised on appeal by defendant that under the provisions of Supreme Court Rule 67.03, V.A. M.R., the dismissal of the case with prejudice as to defendant Rhodes operated as an adjudication on the merits in favor of Rhodes and against plaintiff, entitling Mathieu to judgment because he cannot be vicariously liable for acts of his employee which in effect have been determined to have been non-negligent.

An opinion was written herein in Division holding that the dismissal with prejudice as to Rhodes did amount to an adjudication on the merits as to fault and liability of Rhodes and that as a result Mathieu could not be vicariously liable. Max v. Spaeth, Mo., 349 S.W.2d 1, was cited as dictating that conclusion. Thereafter, the case was ordered transferred to the Court en Banc for reargument. We now reverse and remand for new trial.

At the outset, we start with the recognition that the law is well established "that if a plaintiff's petition against two defendants states only a case of liability upon the principle of respondeat superior, then, if there is a verdict discharging the one defendant for whose negligence only it is sought to hold the other defendant, no judgment can be based thereon against either defendant, and if entered must be set aside." Stoutimore v. Atchison, T. & S. F. Ry. Co., 338 Mo. 463, 92 S.W.2d 658, 659; Lynch v. Hill, Mo., 443 S.W.2d 812; Goedecke v. Bi-State Development Agency of Mo.–Ill., Mo.App., 412 S.W.2d 189. Hence, if this case had been submitted to the jury against both Rhodes and Mathieu, and if the jury verdict had been in favor of defendant Rhodes, such verdict would have entitled Mathieu to judgment if, as recognized in Lynch v. Hill, supra, 443 S.W.2d l. c. 818, the trial was free of error.

The question presented on this appeal is whether, under the provisions of Rule 67.-03, the dismissal by plaintiff with prejudice as to defendant Rhodes is equivalent to a jury verdict in his favor and constitutes a bar to plaintiff's right to proceed as against defendant Mathieu. The pertinent part of Rule 67.03 is as follows: "* * * A dismissal with prejudice operates as an adjudication upon the merits. * * *" It is defendant's contention that a voluntary dismissal with prejudice, such as occurred here, unaccompanied by any settlement of any kind, or any payment of any consideration, or the execution of any release or stipulation, constitutes, under the quoted language of Rule 67.03, an adjudication similar to a jury verdict that the servant Rhodes was not liable, and that necessarily Mathieu cannot be vicariously liable.

The only decision of this court cited by defendant in support of this contention is Max v. Spaeth, supra. In that case a car driven by Max collided with a truck belonging to Spaeth and driven by his employee, Wyatt. On February 2, 1959, Wyatt sued Max. After service and the filing of an answer, the suit was dismissed by a stipulation which recited that all matters and things in controversy in the

case had been compromised and settled, and that it was agreed that the case should be dismissed with prejudice to any future action on account of the things alleged in plaintiff's petition. Meanwhile, on February 6, 1959, Max had filed an independent suit against Spaeth, to which an answer and counterclaim for truck damage was filed. Thereafter, a stipulation for dismissal of defendant's counterclaim was filed September 25, which recited that all things covered in the counterclaim had been compromised and settled, and that it was stipulated that the counterclaim should be dismissed with prejudice as to all matters contained in the counterclaim. It also provided that the plaintiff's cause of action should remain on the docket without prejudice. After the counterclaim was dismissed, an amended answer was filed by Spaeth in which he asserted a right to be discharged because (1) the stipulation filed in Wyatt's original suit released Wyatt from all claims so that Spaeth could not be vicariously liable, and (2) no counterclaim had been filed by Max in that suit. Judgment for Spaeth on motion for summary judgment was entered and was affirmed on appeal.

An examination of the opinion in Max discloses that the defense raised therein was based on language in the stipulation for dismissal which compromised and settled all matters and which was held to amount to a full release. The decision by this court is based on the language of that instrument. This is demonstrated by the language in the opinion which, after recognizing that a jury verdict in favor of a servant necessarily releases the master, says, 349 S.W.2d l. c. 3: "Certainly the same rule should apply when the question of a servant's liability is finally

determined by a release as when it is determined by a verdict." The basis of the decision is disclosed again on the same page, when the court further says: "We hold that the settlement of Wyatt's suit released plaintiff's claim against him and therefore released plaintiff's claim against his employer, the defendant herein."

Is the Max case authority for the proposition that merely the entry of a dismissal with prejudice is in fact an adjudication on the merits which is comparable in effect to a jury verdict? Actually, the only statement in the opinion which might be so construed is this sentence, 349 S.W.2d l. c. 3: "'A dismissal "with prejudice" operates as an adjudication upon the merits.' Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001, 1003."[1] However, the fact is that the decision was not based on the above quoted sentence. This is shown by the sentence which immediately follows, l. c. 3: "Therefore, when plaintiff settled Wyatt's suit against her, agreeing without any qualifications that 'all matters and things in controversy' had been 'adjusted, compromised and finally settled,' she gave up all rights she might have had to sue him on any claim based on his negligence. This with the agreement for dismissal 'with prejudice' amounted to a full release of Wyatt's liability to her." This statement by the court demonstrates that the decision was based upon the instrument which the parties signed whereby they agreed upon a release.

An examination of decisions subsequent to Max v. Spaeth, *supra,* discloses that this court has not construed Rule 67.03 as meaning that dismissal of a case with prejudice necessarily and in all events amounts to an adjudication on the merits which is

---

1. It is of interest to note that actually the case of Keller v. Keklikian, supra, did not hold that a dismissal with prejudice operates as an adjudication on the merits. At 244 S.W.2d l. c. 1003, the court said: " * * * it is not necessary to determine whether the judgment of dismissal in the first action was with or without prejudice to Keller's rights, or to decide whether that judgment was res adjudicata of Keller's claims arising out of the subject matter of the occurrence and of Keklikian's suit." Actually, the case was decided on the basis of the compulsory counterclaim statute.

the equivalent of a jury verdict determining liability.

In Kirtley v. Irey, Mo., 375 S.W.2d 129, a collision occurred between Hammon's truck driven by Kirtley and an automobile driven by Irey. Kirtley and Hammon sued Irey for personal injuries and property damage. Irey answered and counterclaimed. Subsequently, the insurer for Hammon and Kirtley settled the Irey counterclaim for $2,000. A release was executed and the attorneys executed a stipulation dismissing the counterclaim with prejudice. Thereafter, defendant filed a motion for judgment on the pleadings on the basis that the action of attorneys for plaintiff's insurer in taking a general release and stipulating for a dismissal of the counterclaim with prejudice estopped and barred plaintiff from further prosecution of the suit. This motion was overruled, and the trial which followed resulted in a defendant's verdict. Thereafter, the trial court granted a new trial on account of an erroneous instruction. In affirming, this court held that the motion for judgment on the pleadings was properly overruled because the case falls within the rule that a liability insurer's settlement of a claim, made without assured's consent and not ratified by him, ordinarily will not bar an action by the assured against the person receiving the settlement on a claim arising out of the same state of facts.

Next, in Portell v. Pevely Dairy Co., Mo., 388 S.W.2d 790, Portell sued Pevely and its driver, Bannon, for injuries received in a collision between Pevely's truck and plaintiff's automobile. Bannon filed a counterclaim. The case was tried, resulting in a verdict for defendants on plaintiff's cause of action and for Bannon in the amount of $1,500 on his counterclaim. Plaintiff filed an unavailing motion for new trial with respect to both her claim and the counterclaim and then appealed. Thereafter, attorneys for plaintiff's insurer, acting without participation or consent by plaintiff or her own attorney, settled Bannon's counterclaim. A stipulation was filed in the Circuit Court for dismissal of Bannon's counterclaim. It recited that all matters in connection with the counterclaim had been settled, but it also provided that this was "with the express stipulation and agreement that said dismissal will in no manner affect or prejudice plaintiff's claim now pending." Pursuant to the stipulation, the counterclaim was dismissed with prejudice. Thereafter, Pevely moved to dismiss plaintiff's appeal, contending that the dismissal with prejudice of the counterclaim operated as an adjudication on the merits, and that the settlement released it because its liability was dependent upon the negligence of Bannon. This court held that plaintiff's action was not barred by the dismissal with prejudice of the counterclaim, relying on Kirtley v. Irey, supra, and also citing Rudloff v. Johnson, 8th Cir., 252 F.2d 708, a decision in which the Court of Appeals for the 8th Circuit also held that such settlement and stipulation by attorneys for the insurer did not bind the insured nor constitute an adjudication on the merits so as to bar further action by the insured. The court held Max v. Spaeth, supra, to be inapplicable.

Thereafter, in Pierson v. Allen, Mo., 409 S.W.2d 127, Pierson sued for damages and Allen counterclaimed. Subsequently, a stipulation for dismissal of plaintiff's petition was executed and filed. By its provisions plaintiff's cause of action was dismissed with prejudice to any other action concerning the matters set forth in the petition. The stipulation also provided that defendant's counterclaim, which was then pending, should not be affected by the dismissal of plaintiff's cause of action. Subsequently, different counsel, representing plaintiff's insurer, entered their appearance for plaintiff and filed an amended answer to the counterclaim, pleading estoppel as a result of the compromise settlement. The trial court entered an order dismissing defendant's counterclaim with prejudice. The opinion discusses Max, Portell, Kirtley, and other cases, including Landers v. Smith, Mo.App., 379 S.W.2d

884. The court concludes that the dismissal with prejudice of plaintiff's petition did not bar defendant from proceeding with his counterclaim. The opinion says, 409 S.W.2d l. c. 131: "Under these circumstances and authorities appellant is not to be deprived of his day in court by a proper compromise of respondent's claim which expressly reserved to appellant his right to continue with his counterclaim."

Finally, in Black v. Perry Sanders Plumbing & Heating Co., Mo., 414 S.W.2d 241, Black, a truck operator, had a collision with a truck owned by Sanders and driven by his employee, Hayden. Hayden first sued Black, which case was removed to the Federal Court. A few days later, Black sued Sanders for damages resulting from alleged negligence of Hayden. Sanders filed an answer and counterclaim. Subsequently, counsel for Black's insurer settled Hayden's suit against Black, taking a release. In addition, a stipulation was executed whereby the case was dismissed with prejudice, but the stipulation provided that it should not affect the right of Black in his separate suit to prosecute his claim therein. Subsequently, Sanders filed a motion for summary judgment in Black's suit on the theory that the dismissal of Hayden's suit with prejudice operated as an adjudication on the merits, and that the settlement of Hayden's claim operated to release Sanders, whose liability was based solely on the acts of Hayden. This motion was sustained. On appeal Sanders, in support thereof, relies primarily on Max v. Spaeth, supra, and Keller v. Keklikian, supra. In reversing and remanding for trial, this court said, 414 S.W.2d l. c. 244:

"This is not a case where, if appellant were to proceed on his claim against respondent based on employee Hayden's negligence and recover a verdict, both appellant and Hayden would be permitted to recover for the negligence of the other because Hayden's recovery was had upon a release which prohibited construing the settlement as an admission of liability; whereas, a jury verdict in favor of appellant would be an adjudication of liability on respondent based on the negligent acts of his employee Hayden. Pierson v. Allen, supra, 409 S.W.2d l. c. 131."

 The foregoing cases recognize that even where some settlement has been agreed upon and money paid, a stipulation for dismissal with prejudice does not automatically operate as an adjudication on the merits so as to bar subsequent litigation of other claims arising out of the same collision. This was true when a stipulation for dismissal expressly stated that it shall not interfere with the subsequent trial of the other claim or suit. It also was true where the settlement had been made by the insurer of one of the parties without participation or ratification by the insured, even though the stipulation for dismissal contained no express reservation of a right to proceed with the remaining claim or claims. In all of these instances, obviously, dismissal with prejudice was not construed by the court to be a determination on the merits equivalent to a jury verdict. This raises the question of the real meaning of Rule 67.03 and what its effect is. What does the rule mean when it says that a dismissal with prejudice "operates as an adjudication upon the merits?" We conclude that such dismissal actually adjudicates nothing. What it really does, and what is intended by the rule, is that the dismissal with prejudice serves as a mechanism for the termination of litigation rather than adjudication of the issues therein involved.

Here, at the close of all the testimony, the plaintiff first dismissed the suit without prejudice as against Rhodes and the case then proceeded to argument. The record, incidentally, discloses that the plaintiff herself was not in the courtroom at the time the case was argued. During argument, there was a continuing colloquy between counsel with respect to the effect of the dismissal without prejudice of the suit against Rhodes. Counsel for defendant argued that plaintiff sought a verdict in this case and then could refile the next day against

Rhodes and, as he put it, seek to double up. Finally, Mr. Richardson, in final argument to the jury, said: "He tells you that we're going to sue Rhodes tomorrow. How would he like to hear this? I'm on record in that machine there. The order has not been written up. The case is dismissed as far as Rhodes is concerned with prejudice." Subsequently, the judgment which was entered contained this provision: "Before submitting her case to the jury, the plaintiff dismissed her cause of action and petition as to the defendant L. D. Rhodes, with prejudice against the reinstatement thereof. It is, therefore, ORDERED, ADJUDGED and DECREED that plaintiff's cause be and hereby is dismissed with prejudice as to the defendant L. D. Rhodes, and at the cost of the plaintiff."

This dismissal was not construed or treated by the parties at that time as constituting the equivalent of a jury verdict which barred the plaintiff from proceeding further. Defendant did not make any such objection or ask for any such ruling, the plaintiff proceeded with her case against Mathieu and the case was submitted by the court to the jury.

■ We hold that the dismissal with prejudice by plaintiff as to defendant Rhodes did not operate as such an adjudication on the merits as to prevent her from proceeding with the case against Mathieu. It was not the equivalent of a jury verdict in favor of Rhodes. Pursuant to the view expressed herein that such a dismissal serves as a mechanism to terminate litigation, the dismissal, of course, would bar plaintiff from filing a new suit against Rhodes. Such a conclusion is consistent with prior decisions of this court in Kirtley, Portell, Pierson and Black. To the extent that Max v. Spaeth may be authority for the proposition that a dismissal with prejudice amounts to an adjudication on the

merits equivalent in effect to a jury verdict, it no longer should be followed.[2]

The results reached in this case and in Kirtley, Portell, Pierson and Black demonstrate that Rule 67.03 does not express very well the effect of the dismissal of a case with prejudice. This court's new permanent committee on rules will be asked to consider this rule in the light of these cases and to suggest a revised rule which more accurately reflects the effect of the entry of an order of dismissal with prejudice.

Plaintiff has suggested in the presentation of this case that we ought to review the validity of the rule of Max that the release of an employee also releases the employer, but we decline to do so because that would be inappropriate in this case. There was no settlement or release of any kind here, and anything we might say on that subject would be pure dictum.

■ We proceed, therefore, to a consideration of the issues raised on plaintiff's appeal. Her first complaint is of defendant's Instruction No. 4, a contributory negligence instruction, which was as follows:

"Your verdict must be for the defendant Mathieu whether or not defendant Mathieu was negligent, if you believe:

"First, plaintiff knew, or by the use of ordinary care could have known that defendant's truck was stopped partly in plaintiff's lane of travel in time thereafter to have warned her husband to swerve but plaintiff failed to do so, and

"Second, plaintiff's conduct submitted in paragraph First was negligent, and

"Third, such negligence of plaintiff directly caused or directly contributed to

---

2. In addition to Max v. Spaeth, supra, defendant also cites and relies upon DeGraff v. Smith, 62 Ariz. 261, 157 P.2d 342, which expressly held that a dismissal with prejudice was an adjudication on the merits. We have considered that case but are not persuaded thereby to a result different than the one herein reached.

cause any damage plaintiff may have sustained.

"The term 'negligence' as used in this instruction means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances."

We have concluded that the above instruction was erroneous and requires that the case be reversed. In Happy v. Blanton, Mo., 303 S.W.2d 633, 638, this court held erroneous an instruction which required a guest passenger to maintain a lookout and warn the driver of dangerous situations she could have seen if she had maintained a lookout, even though the driver had been exercising the highest degree of care and plaintiff had no reason to believe he would not continue to do so. Instruction No. 4 allowed the jury to find plaintiff contributorily negligent if "by the use of ordinary care (she) could have known that defendant's truck was stopped partly in plaintiff's lane of travel * * *." That portion of the instruction violates the rule announced in Happy v. Blanton and similar cases.

▇ Since this case has been tried, additional MAI instructions for use in submitting contributory negligence have been approved and published in Missouri Approved Jury Instructions, Second Edition. Instruction No. 32.03 would appear to be appropriate in this case. It will be observed that in the Committee's Comment following that instruction reference is made to Happy v. Blanton and the fact that this court has held that a passenger has no duty to keep a lookout.

▇ In view of our decision to reverse and remand, we need not consider in detail other assignments of error asserted by the plaintiff, some or all of which may not arise at a retrial. However, we do observe that plaintiff complains of Instruction No. 3, which was a converse instruction. The defendant's own brief says with reference thereto that "Instruction No. 2 submitted only the personal misconduct of Mathieu." Undoubtedly, in view of this decision, this case on retrial will be submitted to the jury on the basis of alleged negligent acts of Rhodes as an employee of Mathieu. If it is, a converse telling the jury that plaintiff cannot recover if Mathieu was not guilty of personal misconduct would be erroneous. Actually, Mathieu was not present and what was done was by Rhodes, not Mathieu.

We also note that plaintiff's instructions, including verdict directing Instruction No. 2, apparently did not indicate, as required by MAI, that they either were exact or modified numbered MAI instructions or that they did not come from MAI. At least, the transcript on appeal does not give this information. We cannot tell whether Instruction No. 2 was intended to be taken from the 17 series as modified under 18 because of the agency issue. On retrial, the mandate of MAI in this respect should be followed. We surmise that regular adherence in all cases to this requirement would result in fewer deviations from MAI.

Reversed and remanded.

SEILER and MORGAN, JJ., and SHANGLER, Sp. J., concur.

HENLEY, C. J., and DONNELLY and HOLMAN, JJ., dissent.

STORCKMAN, J., not sitting.