PROPERTY EXCHANGE & SALES, INC., Plaintiff/Appellant,

v.

Joseph P. KING, William T. Bozarth, Robert Garrett, Michael J. Weinberger, Thomas J. Gochberg, d/b/a Town & Four Villages, Town & Four Apartments, Town & Four Village Apartments, and Town & Four Townhouses and Apartments, Defendants/Respondents.

No. 60534.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 21, 1992.

---

Steven Walters, St. Louis, for plaintiff/appellant.

Richard C. Bresnahan, Snyder, Wier, Shaller, Clayton, for defendants/respondents.

CRANE, Judge.

This appeal involves the issue of whether a prior judgment dismissing the same cause of action with prejudice for failure to be represented by a licensed attorney precludes a subsequent action because of the doctrines of res judicata or collateral estoppel. We hold that, where there was no adjudication on the merits in the prior action, the doctrines of res judicata and collateral estoppel do not bar a subsequent action.

The litigation leading to this appeal involves Property Exchange & Sales, Inc.'s claim for a return of a security deposit from the defendants. After amendment, the original action was brought by Richard Jacobs as assignee of Property Exchange & Sales, Inc. Jacobs, who filed the petition, was not a licensed attorney. The trial court dismissed the action with prejudice on the grounds that a corporation cannot assign to an assignee a cause of action for breach of contract, fraud, unlawful practices or failure to refund a security deposit. We affirmed the judgment of trial court on a different ground, holding that an assignee of a corporation could not bring suit on behalf of a corporation without representation by a licensed attorney.[1] *Property Exchange & Sales, Inc. v. Bozarth,* 778 S.W.2d 1 (Mo.App.1989). In affirming the judgment, we did not reconsider whether the dismissal for failure to have an attorney should continue to be with prejudice. Accordingly the judgment which was affirmed, was a dismissal with prejudice.

Jacobs subsequently reassigned the rights to the cause of action to Property Exchange & Sales, Inc., who filed the present action. Defendants filed a motion to dismiss this action on the grounds that the causes of action and issues were identical to those brought in the first lawsuit and could not be relitigated because of the doctrines of res judicata and collateral estoppel. The trial court sustained the defendants' motion to dismiss. Property Exchange & Sales, Inc. appeals from this order. We reverse and remand.

Property Exchange & Sales, Inc. contends that the trial court erred in dismissing its cause of action because it erroneously applied the doctrines of res judicata and collateral estoppel. In reviewing the action sustaining the motion to dismiss, we must affirm the dismissal of the suit if that dismissal can be sustained on any ground which is supported by the motion to dismiss submitted by the defendants regardless of whether the trial court relied on that ground. *Delmain v. Meramec Valley R–III School Dist.,* 671 S.W.2d 415, 416 (Mo.App.1984).

Both the doctrines of res judicata and collateral estoppel apply to judgments rendered upon the merits. The doctrine of res judicata applies to an "existing final judgment rendered upon the merits." *Barkley v. Carter County State Bank,* 791 S.W.2d 906, 910 (Mo.App.1990). Collateral estoppel operates to prevent a party or its privies from relitigating facts or questions in issue between the same parties which have been adjudicated on the merits. *Peoples–Home Life Ins. Co. v. Haake,* 604 S.W.2d 1, 8 (Mo.App.1980).

1. This ground had been presented to the trial court in support of the motion to dismiss.

Defendants argue that a "dismissal with prejudice operates as an adjudication upon the merits," citing § 510.150 RSMo 1986. To the extent that it is inconsistent, this section is superseded by Rule 67.03. Rule 41.02. Prior to the case of *Denny v. Mathieu*, 452 S.W.2d 114 (Mo. banc 1970), Rule 67.03 contained the provision that a dismissal with prejudice operated as an adjudication on the merits. After *Denny*, the Rule was amended to provide, "A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party."

In *Denny* the Missouri Supreme Court held that a dismissal with prejudice actually adjudicates nothing. Such a dismissal only serves as a mechanism for the termination of litigation rather than an adjudication of the issues involved in the suit. *Id.* at 118. The court overruled a line of cases which held that a dismissal pursuant to Rule 67.03 was equal to an adjudication of the issues on the merits presented in the case dismissed. *Denny*, 452 S.W.2d at 119; *Peoples–Home Life Ins. Co.*, 604 S.W.2d at 9. Because the dismissal of the first action was for failure to have a licensed attorney, and did not resolve the issues on the merits, the doctrines of collateral estoppel and res judicata do not bar the subsequent action.

Defendants argue that if the doctrines of res judicata and collateral estoppel do not apply, dismissal of four of the five counts can be sustained for the reason that plaintiff is confined to a statutory remedy and that four of the counts are not based on that remedy. This ground for dismissal was not raised in the trial court. Defendants rely on the rule that a judgment and order of dismissal must be affirmed if the dismissal of an action can be sustained on any ground. The full statement of that rule, however, is that the order must be affirmed, if the dismissal of an action can be sustained on any ground *which is supported by the motion to dismiss* regardless of whether the trial court relied on that ground. *Delmain*, 671 S.W.2d at 416. We decline to affirm a judgment on a ground which was not presented or supported by the motion to dismiss and which could have been presented to and considered by the trial court.

The judgment of the trial court is reversed and the case remanded.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.