Chester RICE and Akbar Electric Services Company, Inc., Plaintiffs/Appellants,

v.

TAYLOR–MORLEY–SIMON, INC., and Leon James, Defendants/Respondents.

No. 61633.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 15, 1992.

action preclude them from refiling and pursuing the same claims?

In 1987, plaintiffs filed their third amended petition against, among others, defendants Taylor–Morley–Simon (TMS) and Leon James, alleging breach of contract by TMS and tortious interference with contract by TMS and James. Defendants counterclaimed; the case was assigned No. 832–02944 (case I). On March 10, 1987, plaintiffs voluntarily dismissed their petition; the counterclaim remained pending.

Plaintiffs subsequently filed cause No. 870–00815 (case II) against defendants alleging the same causes of action as had been dismissed in case I. Defendants filed a motion to dismiss. On August 4, 1988, the court dismissed plaintiffs' causes of action in case II, with prejudice, because the court determined that the causes should have been filed as compulsory counterclaims in case I, which was still pending. No appeal from this order was taken.

On August 8, 1988, plaintiffs filed their counterclaims in case I. These counterclaims, and defendant TMS's cause of action, were subsequently dismissed for failure to prosecute on August 10, 1990. Defendant James subsequently litigated his cause of action in case I, and on March 14, 1991, secured a judgment against plaintiffs.

On August 12, 1991, plaintiffs filed cause No. 921–04382 (case III), which is the subject of this appeal. Plaintiffs' petition stated the same causes of action that had been pled in cases I and II. Defendant TMS filed a motion to dismiss on alternate grounds that the claim was barred by the statute of limitations and the doctrines of *res judicata* and collateral estoppel. Defendant James filed a motion to dismiss on similar grounds, and additionally contended that the suit was barred by Rule 55.32(a), governing compulsory counterclaims. On December 6, 1991, the court sustained both motions and dismissed plaintiffs' causes of action with prejudice. Plaintiffs appeal from this order.

In their sole point on appeal, plaintiffs assert that "the trial court erred in dismissing plaintiff's [sic] action because the action was neither barred by the doc-

Eric E. Vickers, Vickers & Associates, St. Louis, for plaintiffs/appellants.

Eileen M. Love, Susman, Schermer, Rimmel & Shirfrin, Clayton, for respondent Taylor-Morley-Simon, Inc.

Michael F. Merritt, Wyne and Merritt, P.C., Creve Coeur, for respondent Leon James.

REINHARD, Judge.

Plaintiffs appeal from an order of the trial court dismissing their petition alleging breach of contract and tortious interference with contract by defendants. We affirm.

This case presents one principal issue for resolution: Does plaintiffs' failure to appeal the trial court's possibly erroneous dismissal with prejudice of their causes of

trine of *res judicata* nor untimely[1] or improperly filed."

■ To support their assertion that their claims are not barred by *res judicata*, plaintiffs rely on *Denny v. Mathieu*, 452 S.W.2d 114 (Mo. banc 1970), for the proposition that the dismissal with prejudice in case II did not carry *res judicata* effect. In *Denny*, defendant employer asserted that under prior Rule 67.03,[2] plaintiff's voluntary dismissal with prejudice of his cause of action against defendant employee operated as an adjudication on the merits in favor of defendant employee and against plaintiff, and therefore constituted a bar to plaintiff's right to proceed under respondeat superior against defendant employer. *Denny*, 452 S.W.2d at 115.

Plaintiffs cite the following language from *Denny:*

> What does [prior Rule 67.03] mean when it says that a dismissal with prejudice operates as an adjudication on the merits? We conclude that such dismissal actually adjudicated nothing. What it really does, and what is intended by the rule, is that the dismissal with prejudice serves as a mechanism for the termination of litigation rather than the adjudication of issues therein involved.

*Denny*, 452 S.W.2d at 118.

Plaintiffs contend that this rationale controls the case at bar. However, they mis-

construe the holding of *Denny* by ignoring the context in which the cited language is used. While the *Denny* court reasoned that the dismissal with prejudice against defendant employee "did not operate as such an adjudication on the merits as to prevent [plaintiff] from proceeding with the case against [defendant employer]," it further noted that, "[p]ursuant to the view expressed herein that such a dismissal serves as a mechanism to terminate litigation, the dismissal, of course, would bar plaintiff from filing a new suit against [defendant employee]." *Denny*, 452 S.W.2d at 119.

The *Denny* court then stated that its Committee on Rules would be asked to suggest a revised rule which more accurately reflected the effect of entry of an order of dismissal with prejudice. *Id.* Rule 67.03 was subsequently amended in 1973. The rule now provides:

> A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. *A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party.* Any voluntary dismissal other than one which the party is entitled to take without prejudice, and any invol-

---

**1.** TMS argues that plaintiffs' claim in case III was barred by the applicable statutes of limitations. Plaintiffs' third amended petition alleged breach of contract and tortious interference by TMS arising in July and October, 1983, and was filed on February 2, 1987. Following voluntary dismissal of these causes of action from case I, plaintiffs' refiled case II within the five-year statute of limitations, § 516.120, RSMo 1978. Following dismissal of that case, plaintiffs filed their counterclaims in case I. These counterclaims were dismissed for failure to prosecute on August 10, 1990; case III was filed on August 12, 1991. TMS contends that this filing failed to comply with the provisions of the applicable savings statute, § 516.230, RSMo 1986. They argue that the case should have been filed on or before August 9, 1991.

Section 516.230 prescribes that "[i]f any action shall have been commenced ... and plaintiff therein suffer a nonsuit, ... such plaintiff may commence a new cause of action from time to time, within one year after such nonsuit suffered." Rule 44.01 provides:

> In computing any period of time prescribed or allowed ... by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

Application of this rule reveals that the prescribed final day for filing was August 10, 1991. However, because this day was a Saturday, the following Monday became the last day for filing. *See* § 1.040, RSMo 1986; Rule 44.01; *Westerhold v. Mullenix Corp.*, 777 S.W.2d 257, 266 (Mo.Ct.App.1989). Plaintiffs' claims were not barred by the statutes of limitations.

**2.** Prior Rule 67.03 provided, in part: "A dismissal with prejudice operates as an adjudication on the merits."

untary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

(emphasis ours).

In *Vandever v. Jr. Coll. Dist. of Kansas City,* 708 S.W.2d 711 (Mo.App.1986), the defendant cited amended Rule 67.03 to support its assertion that because plaintiff had participated in a previous action against it which had been dismissed with prejudice, *res judicata* barred plaintiff's subsequent petition allegedly based on "the same cause of action or claim."

Judge Dixon, writing for the court, stated:

Technically, without adjudication of the prior suit on the merits, res judicata cannot exist. Nevertheless, [plaintiff]'s present suit is barred by Rule 67.03, itself, if she is asserting "the same cause of action or claim" against the same party as was asserted in the [prior] suit. All that is required to find identity of parties is a finding that the present plaintiff was a plaintiff in the first suit and the present defendant was a defendant in the first suit.

*Vandever,* 708 S.W.2d at 715. The *Vandever* court ruled that plaintiff's claim was not barred because, although the parties were identical, the two suits did not share the same cause of action or claim. *Id.*

■ In the present case, plaintiff is " 'asserting the same cause of action or claim' against the same party as was asserted" in case II. We hold that dismissal of case III was therefore proper under Rule 67.03. *See State ex rel. Vicker's, Inc. v. Teal,* 806 S.W.2d 113 (Mo.App.1991); *State ex rel. Willens v. Gray,* 757 S.W.2d 656 (Mo.App. 1988). Although defendants' motions asserted *"res judicata"* as grounds for dismissal, we find that designation sufficient

to allow the trial court to grant the motions pursuant to Rule 67.03. The 1973 amendment to Rule 67.03 "extend[ed] *res judicata* principles to cases dismissed with prejudice." *State ex rel. Vicker's, Inc.,* 806 S.W.2d at 118.

■ Any alleged error in case II, including the order of dismissal with prejudice, should have been challenged by an appeal in that case. The order was appealable as a final judgment. Rule 67.03; *Nicholson v. Nicholson,* 685 S.W.2d 588 (Mo.App. 1985). Plaintiffs' point is denied.[3]

Judgment Affirmed.

CARL R. GAERTNER, P.J., and CRIST, J., concur.

---

**3.** We also note that defendant James' motion to dismiss might have been sustained on alternate grounds. Plaintiffs permitted James' cause of action, in case I, to proceed to judgment without refiling their counterclaim. Plaintiffs' failure to plead a compulsory counterclaim against James in case I bars them from later bringing an independent action, in case III, upon the same claim. Rule 55.32; *Landers v. Smith,* 379 S.W.2d 884, 886–87 (Mo.App.1964).