

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| TRACY BOEHLEIN, | ) | No. ED108281 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the County of St. Louis |
| vs. | ) | 17SL-CC00766 |
| | ) | |
| TIM CRAWFORD, | ) | Honorable Richard M. Stewart |
| | ) | |
| Respondent. | ) | Filed: July 21, 2020 |

James M. Dowd, P.J., Gary M. Gaertner, Jr., and Robin Ransom, J.

## Introduction

This is an appeal from two judgments issued by the Circuit Court of St. Louis County on October 25, 2017 and July 24, 2018 dismissing with prejudice Appellant Boehlein's claims against Respondent Crawford relating to certain real property the parties previously owned jointly as tenants in common and which had been the subject of a partition action that the parties had settled and dismissed with prejudice. We affirm because we agree with the trial court that Boehlein's claims are barred by the doctrine of res judicata because the damages sought by those claims for rent owed, damage to the property, and for breach of fiduciary duty had been merged into the partition action and were fully disposed of by the parties' settlement agreement and joint dismissal with prejudice.

Background

Beginning in 2000, Boehlein and Crawford, who are siblings, jointly owned as tenants in common the real property located at 3624 Woodson Road in St. Louis County, Missouri. In 2015, Boehlein and Crawford each filed an action in the Circuit Court of St. Louis County seeking partition by sale of the Woodson property after they were unable to agree to an in-kind division of the property. These two causes of action were consolidated pursuant to Supreme Court Rule 66.01.

The court set the matter for a bench trial on April 1, 2016, but the hearing did not take place because the parties entered into settlement negotiations and requested the court to continue the case. In May 2016, the parties reached a settlement agreement under which Boehlein sold her interest in the Woodson property to Crawford "as is" for the sum of $60,000. The agreement also contained the following paragraph:

> 4. <u>Reservation of Claims and Defenses</u>. The claims and defenses set forth in the Lawsuit are being dismissed by the Parties with prejudice pursuant to Paragraph 3 herein. Provided however, the Parties preserve and reserve all other claims and defenses not pled and filed in the Lawsuit.

On May 17, 2016, the court granted the parties' joint motion to dismiss with prejudice.

Then, nearly a year later, Boehlein filed the three-count petition against Crawford currently before us. In count I, Boehlein sought $23,100 plus attorney's fees for rent she claims Crawford owed her on the Woodson property for the period August 2014 to April 2016. In count II, Boehlein sought $16,935 plus attorney's fees and diminished market-value on the Woodson property as a result of Crawford's alleged removal of certain household items from the property and for damage to the property in connection with such removal when he vacated the premises in July 2014. Finally, in count III, Boehlein sought money damages plus attorney's fees for

Crawford's alleged breach of fiduciary duty when he refused Boehlein's request to lease the property but then later leased the property without Boehlein's knowledge or consent.

Crawford moved to dismiss counts I and II asserting those claims were merged into the partition action that the parties had settled and dismissed with prejudice and were therefore barred by the doctrine of res judicata. Crawford sought dismissal of count III, the fiduciary breach count, because it failed to state a claim upon which relief can be granted.

In its October 25, 2017 judgment, the court dismissed with prejudice counts I and II on the basis of its finding that Boehlein's claims against Crawford for rents due, for damage to the property, and for lost value to the property were part of the same subject matter as the partition action and had accrued and occurred prior to the filing, settlement, and dismissal with prejudice of the partition action. Therefore, those claims for damages were merged into the partition action and disposed of when the parties settled that case and dismissed it with prejudice. The court also dismissed, though without prejudice, Boehlein's count III—breach of fiduciary duty— because Boehlein failed to plead any facts demonstrating that Crawford owed Boehlein a fiduciary duty. The court granted Boehlein 30 days to file an amended count III which she did.

Boehlein's amended count III alleged that Boehlein and Crawford were in a "property partnership" in which they agreed to maintain, lease, and manage the Woodson property for a profit, that Crawford owed a fiduciary duty to both Boehlein and the property partnership, and that Crawford breached that duty by failing to cooperate in maintaining, leasing, and managing the property for a profit. Crawford moved to dismiss Boehlein's amended petition again on res judicata grounds. And on July 24, 2018, the court issued its second judgment in which it dismissed with prejudice Boehlein's breach of fiduciary duty claim as res judicata since the

3

damages sought in her amended count III were likewise merged into the settlement and dismissal with prejudice of the partition action. This appeal follows.

Standard of Review

The standard of review for a trial court's grant of a motion to dismiss is de novo. *Lang v. Goldsworthy*, 470 S.W.3d 748, 750 (Mo. banc 2015). The facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiff. *Ste. Genevieve Sch. District R–II, et al. v. Board of Aldermen of Ste. Genevieve, et al.,* 66 S.W.3d 6, 11 (Mo. banc 2002). If the petition sets forth any set of facts that, if proven, would entitle the plaintiff to relief, then the petition states a claim. *Id.* Plaintiff's petition states a cause of action if "its averments invoke principles of substantive law [that] may entitle the plaintiff to relief." *Asaro v. Cardinal Glennon Memorial Hosp.,* 799 S.W.2d 595, 597 (Mo. banc 1990).

Discussion

I.    *Counts I, II, and III of Boehlein's petition are barred by the doctrine of res judicata.*

Res judicata, also known as claim preclusion, bars the reassertion of a claim or cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them. *Dodson v. City of Wentzville*, 133 S.W.3d 528, 538 (Mo. App. E.D. 2004). Importantly here, it applies not only to claims and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, but to every claim properly belonging to the subject matter of the litigation and which the parties, exercising reasonable diligence, might have brought forward at the time. *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991). Thus, any claims that could have been raised by a prevailing party in the first action are merged into and

4

barred by the first judgment. *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. banc 2002).

So, the question before us is whether the dismissal with prejudice of the partition suit precludes Boehlein's claims to rent, property damage, and breach of fiduciary duty even though those claims were not specifically raised by Boehlein in her partition suit. And a related issue, since the dismissal was entered pursuant to the parties' settlement agreement, is whether those claims were carved out and preserved for future litigation by the language of the parties' agreement. We resolve both issues in favor of Respondent Crawford because we agree with the trial court that Boehlein's claims for rent owed, property damage and loss of market value, and for breach of fiduciary duty are barred by res judicata because they were within the scope of the parties' partition action and were therefore merged into that action and were disposed of by the parties' dismissal with prejudice after they reached a negotiated settlement from which Boehlein received $60,000. Likewise, we reject Boehlein's contention that those claims were somehow carved out of the settlement agreement.

Our resolution of this case centers on the scope of a partition action in terms of the remedies and relief available. A partition suit certainly involves the change in title to real property. *See Lemay v. Hardin*, 48 S.W.3d 59, 62 (Mo. App. W.D. 2001). And while Boehlein's argument on appeal is dependent on her assertion that a partition action only pertains to the property ownership issue, our case law has expanded the scope of a partition action to include related claims such as for rents, profits, and damages to the property. *Delaney v. Gleed*, 169 S.W.3d 84, 88 (Mo. App. S.D. 2005); *Clark v. Dady*, 131 S.W.3d 382, 390 (Mo. App. W.D. 2004). Specifically, a party may be entitled to a credit or setoff against the partition sale

5

proceeds if the other party has earned rents and profits from the property or has committed waste that affected the value of the property. *Gleed*, 169 S.W.3d at 88.

But here, in the underlying partition suit, Boehlein did not raise these claims she now raises for rent owed, property damage and lost fair market value, or for breach of fiduciary duty nor were these matters specifically referenced in the parties' settlement agreement. Nevertheless, we hold that because these claims had already accrued and were within the scope of the claims and remedies available in connection with a partition suit, their absence from the suit here provides Boehlein no relief.

Here, the parties' joint dismissal with prejudice of the partition action was pursuant to a settlement agreement in which Boehlein sold her interest in the property "as is" to Crawford for $60,000. While there was no specific reference in either the partition suit or the settlement to Boehlein's allegations concerning rents due, profits, property damage, or waste, we find the parties' agreement to an "as is" sale is significant because it illustrates that this was a negotiated settlement that was beyond merely transferring ownership but implicated the condition of the property.

Meanwhile, the rent owed between August 2014 and April 2016, the property damage occurring in July 2014, and the lost profits for Crawford's alleged failure to cooperate in maintaining, leasing, and managing the property, all of which Boehlein sought to recover in the underlying action, were based on facts known by Boehlein and which had already occurred prior to the filing, settlement, and dismissal with prejudice of the partition action. In *Smith v. Hackleman*, 467 S.W.2d 61, 64 (Mo. App. 1971), the court observed:

> [I]f at the time of partition the rents and profits in dispute have not accrued, are not in perception and are not ascertainable, the law does not require the impossible . . . and will permit an action in accounting to be maintained after termination of the partition suit. (citations omitted). However, if the rents and profits have "accrued" or "if there is

6

anything due," or if there be "rents and profits in perception" at the time of partition, then a claim for accounting of such rents and profits *must* be made in the partition suit if the claimant is to avoid splitting his cause of action and having a subsequent and separate action for an accounting barred under the doctrine of res judicata. (Emphasis added).

Here, the rents, damages, and profits at issue had been "in perception" at the time Boehlein agreed to sell her interest for $60,000 and jointly move to dismiss with prejudice the partition action. Thus, these claims were all merged into the first judgment, *Chesterfield*, 64 S.W.3d at 318, and Boehlein has no right to pursue them in the instant suit.

Moreover, we reject Boehlein's argument that the parties expressly agreed to split the cause of action by virtue of paragraph 4 of their settlement agreement, which provides: "The claims and defenses set forth in the Lawsuit are being dismissed by the Parties with prejudice pursuant to Paragraph 3 herein. Provided however, the Parties preserve and reserve all other claims and defenses not pled and filed in the Lawsuit." Again, we find that the damages Boehlein seeks for rent due, property damage, and for breach of fiduciary duty were merged into the first lawsuit, and thus, none of those matters were preserved or reserved by either party under paragraph 4.

II.     *Boehlein's adjudication-on-the-merits argument.*

We now turn to Boehlein's argument that the court's dismissal of the partition action with prejudice pursuant to the parties' agreement did not constitute an adjudication on the merits so as to warrant application of the doctrine of res judicata. Boehlein relies on *Denny v. Mathieu*, where the Missouri Supreme Court held that res judicata applies only where a prior determination has been made on the merits, and that a dismissal with prejudice will not always amount to a judgment on the merits—e.g., settlement and stipulation for dismissal with prejudice by attorneys for insurer, acting without participation or consent by insured or insured's own attorney, did not bind the insured nor constitute an adjudication on the merits so as to bar further

7

action by the insured. 452 S.W.2d 114, 118-19 (Mo. banc 1970) (discussing *Portell v. Pevely Dairy Co.*, 388 S.W.2d 790, 792 (Mo. 1965)). "[E]ven where some settlement has been agreed upon and money paid, a stipulation for dismissal with prejudice does not automatically operate as an adjudication on the merits so as to bar subsequent litigation of other claims arising out of the same collision." *Denny*, 452 S.W.2d at 118.

While we acknowledge this holding in *Denny*, it does not settle the question before us. Here, both parties agreed to resolve all claims concerning partition of the Woodson property when they signed and executed the settlement agreement which specifically provided: "the Parties . . . now desire to settle the Lawsuit" and "to fully and finally resolve the claims asserted by the Parties in the Lawsuit." From our analysis above, we find this provision applies not only to all claims pled but to all claims which we have held were merged into the first lawsuit. *See Chesterfield*, 64 S.W.3d at 318. We also find that, by voluntarily filing their joint dismissal with prejudice, the parties unequivocally demonstrated their intent to bury all partition-related claims and there is nothing in the record to suggest that either party unintentionally or involuntarily filed the joint dismissal with the court or that a third party intervened without the parties' knowledge or consent. *See Denny*, 452 S.W.2d at 118-19. Accordingly, we find the court's dismissal with prejudice pursuant to the parties' agreement amounted a full adjudication on the merits so as to render all of Boehlein's claims barred under res judicata.

Additionally, we find that Boehlein's claims are also barred under Supreme Court Rule 67.01 which provides that "[a] dismissal with prejudice bars the assertion of the same cause of action or claim against the same party." Missouri courts have held that the purpose of Rule

8

67.01, as revised in 1973,[1] is to extend res judicata principles to cases which are dismissed with prejudice but where the merits were not reached. *Williams v. Rape*, 990 S.W.2d 55, 61 (Mo. App. W.D. 1999) (citing *Vilsick v. Standard Insulations, Inc.*, 926 S.W.2d 499, 501 (Mo. App. E.D. 1996)) ("[U]nlike the doctrine of res judicata, application of Rule 67.01 does not require a prior adjudication on the merits.").

Thus, notwithstanding whether an adjudication on the merits occurred in the underlying partition suit, we find that Boehlein's claims here are barred by Rule 67.01 because she is asserting "the same cause of action or claim" against the same party in the prior suit. Rule 67.01. As discussed, res judicata principles apply to dismissals with prejudice under Rule 67.01 just as they apply to cases decided under the common law doctrine itself. *Id.* Under res judicata, any claim based on an alternative legal theory, but growing out of the same facts and filed against the same party, is considered the same cause of action. *King Gen.,* 821 S.W.2d at 501. In order for a subsequent claim on the same transaction to be considered separate, there must be "new ultimate facts, as opposed to evidentiary details, that form a new claim for relief." *Chesterfield*, 64 S.W.3d at 320. To constitute "new" ultimate facts, those facts that form the basis of a new claim for relief must be unknown to plaintiff or yet-to-occur at the time of the first action. *Id.*

---

[1] Prior to the Court's holding in *Denny*, Rule 67.01 [then Rule 67.03] contained the provision that a dismissal with prejudice operates as an adjudication on the merits. In *Denny*, the Court questioned the real meaning of this rule and its effect: "What does the rule mean when it says that a dismissal with prejudice 'operates as an adjudication upon the merits?' We conclude that such dismissal actually adjudicates nothing. What it really does, and what is intended by the rule, is that the dismissal with prejudice serves as a mechanism for the termination of litigation rather than adjudication of the issues therein involved." 452 S.W.2d at 118. The Court then stated that its Committee on Rules would be asked to suggest a revised rule which more accurately reflected the effect of the entry of an order of dismissal with prejudice. *Id.* at 119. Rule 67.03 [now Rule 67.01] was subsequently amended in 1973 to its current version.

So, where we have already found that all three of Boehlein's claims are based entirely on facts known by Boehlein and which had already occurred prior to the filing, settlement, and dismissal with prejudice of the partition action, we find Boehlein failed to assert any "new ultimate facts" which would entitle her to relief. Thus, Boehlein's claims—in addition to being barred by the common law doctrine itself—are barred by Rule 67.01, the rule extending res judicata principles to dismissals with prejudice. The trial court was therefore correct to dismiss her claims.

## Conclusion

For the reasons set forth above, we affirm the judgment of the trial court.

_____
James M. Dowd, Presiding Judge

Gary M. Gaertner, Jr., and
Robin Ransom, J., concur.

10