**Gary L. HOHIMER and Leona E. Hohimer, Appellants,**

v.

**MISSOURI HIGHWAY AND TRANS-PORTATION COMMISSION, Respondent.**

**No. WD 33833.**

Missouri Court of Appeals, Western District.

Aug. 2, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied Sept. 28, 1983.

Application to Transfer Denied Nov. 22, 1983.

Robert H. Shaw, Witt & Boggs, Platte City, for appellants.

Bruce A. Ring, Chief Counsel, Dennis J. Redel, Asst. Chief Counsel, Missouri Highway and Transportation Commission, Jefferson City, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

PRITCHARD, Presiding Judge.

Plaintiffs' first amended petition in Count I alleged that Gary L. Hohimer was injured when the right front wheel of his 1978 Chevrolet Van, on August 31, 1979, struck one of the open holes in construction work being conducted by defendant, causing him to lose control and strike at least another hole, and causing the van to roll off the highway. The excavations were said to have been created by defendant in the process of removing sections of deteriorated concrete pavement from the right hand lane of the southbound lanes of U.S. Highway 71 for the purpose of pavement replacement for about two miles, commencing about one and one-half miles north of Missouri Highway 291 exit. Gary's prayer was for $90,000 damages, and in Count II, his wife, Leona, prayed for $10,000 damages for her loss of consortium.

It was alleged that defendant, through its agents, servants, or employees, knew or should have known of the dangerous condition created by the abrupt drop-offs of the excavations, but that it was negligent in not providing protective coverings over the excavations, and in various respects: weighted 55 gallon barrels as warning devices were not sufficient in weight to prevent shifting by traffic, were not placed in sufficient numbers to give warnings, were not properly placed and were not properly maintained in such a position to warn passing motorists of the danger of the excavations.

Upon defendant's motion for summary judgment, supported by the affidavit of its Chief Counsel that it had not purchased and did not have any policy of liability to indemnify it from any judgment rendered against it for the torts alleged by plaintiffs, the court sustained the motion upon the ground that defendant "is immune from

suit under the doctrine of sovereign immunity as reimposed by Section 537.610, RSMo. 1978."

Plainly, plaintiffs' petition states a cause of action under the second provision of *express waiver* of sovereign immunity under Section 537.600(2): "Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonable foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

Since the submission of this case, the Supreme Court has handed down its decision in *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864 (Mo. banc 1983). The allegation of plaintiffs in the *Bartley* case was that the school was negligent in permitting another student of dangerous propensities to ride in a school bus and cause harm to school bus riding students, Bartley and Owens. Clearly, the allegation of negligence did not involve negligent acts or omissions by the school's public employees arising out of the operation of motor vehicles within the course of their employment within the express waiver of sovereign or governmental immunity of Section 537.600(1). That opinion could have been validly based upon the fact that sovereign or governmental immunity continued to exist as to the plaintiffs' allegations, and it was not waived merely by the purchase of liability insurance as the Supreme Court held in two previous cases: *Spearman v. University City Public School District,* 617 S.W.2d 68, 69[1] (Mo. banc 1981). But, instead of limiting the decision to the simple fact that plaintiffs' action was barred by sovereign or governmental immunity (the action not being premised upon either of

the two exceptions of Section 537.600), the court by a narrowed application of rules of statutory construction has adopted a broadened opinion that *any* agency whose sovereign immunity is waived by the exceptions, nonetheless continues to possess immunity if it ex parte chooses not to purchase liability insurance for the claims of negligence. This writer agrees with the analysis of legislative intent set forth in the dissent of Wasserstrom, Sp.J., in the *Bartley* case, except that the case should not be remanded for trial because of failure to allege facts coming within the two exceptions of Section 537.600.

It is further the opinion of this writer that the purpose of the legislature in enacting Section 537.610, authorizing the purchase of liability insurance, or establishing self insurance plans, was merely to provide a pool of funds which would be available to pay judgments obtained by virtue of the two exceptions of Section 537.600. It could not have been the purpose to give to any agency the option to reassert the statutorily waived sovereign or government immunity merely by expedient of choosing not to purchase liability insurance.

Perhaps the Legislature, in its wisdom, will clarify its real (and obvious) intent in enacting the subject statutes in subsequent sessions, thus obviating the necessity of any real or imagined judicial construction as to such intent.

Regardless of the foregoing comments, this court is bound by the holding in the *Bartley* case, supra, and accordingly, the judgment is affirmed.

NUGENT, J., concurs.

MANFORD, J., concurs in separate opinion filed.

MANFORD, Judge, concurring.

I concur in the result of the majority opinion solely upon the basis that this court *is bound to follow the most recent decision* by our state Supreme Court upon the subject.

 

If the question were for this court to decide, it is my belief that a contrary result should be achieved based upon the reasoning and authority set forth in the dissenting opinion of Wasserstrom, Special Judge in the case of *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864, 870 (Mo. banc 1983).