**OZARK SILVER EXCHANGE, INC.,**
**Plaintiff-Appellant,**

v.

**CITY OF ROLLA, Missouri,**
**Defendant-Respondent.**

No. 12962.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 19, 1984.

Albert Crump, Jr., Williams, Smallwood & Crump, Rolla, for plaintiff-appellant.

Eugene K. Buckley, Evans & Dixon, St. Louis, John D. Wiggins, Rolla, for defendant-respondent.

PREWITT, Judge.

Plaintiff sued defendant, a municipal corporation, for negligence pled upon a res ipsa loquitur theory. Plaintiff contended that it was damaged when its business building was burglarized on September 21, 1981, and the Rolla police did not react to an alarm system or that system did not properly function. The alarm system was connected to the police station by a telephone line. At the close of plaintiff's evidence defendant filed a motion for directed verdict. The trial judge sustained the motion and entered judgment in favor of defendant, apparently on the basis that defendant was shielded from this action by sovereign immunity.

We determine that the trial court was correct in its ruling. The supreme court abrogated sovereign immunity prospectively as to all claims arising on or after August 15, 1978, in *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977). Following that decision, by §§ 537.600 and 537.610, RSMo 1978, the legislature reestablished that doctrine with two exceptions applicable when there is insurance coverage. *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864 (Mo. banc 1983); *Counts v. Morrison-Knudsen, Inc.,* 663 S.W.2d 357 (Mo.App.S.D.1983). This claim arose after the effective date of those sections.

■ The operation and maintenance of a police force is a governmental function and a municipality is immune from torts arising out of governmental functions except for the two exceptions in § 537.600 or as provided in § 71.185, RSMo 1978. *Oberkramer v. City of Ellisville,* 650 S.W.2d 286, 295–297 (Mo.App.1983). Even if defendant has insurance coverage, a fact not pled or shown in the record, neither of the two exceptions are applicable here. The first relates to the operation of motor vehicles and the second refers to injuries "caused by the condition of a public entity's property".

No part of the alarm system was owned by the city and no condition of its property was in question. Section 71.185 is of no help to plaintiff as plaintiff does not plead the applicability of that section or facts which would bring it within the purview of the statute. *Oberkramer, supra,* 650 S.W.2d at 297.

■ We do not reach the question as to whether the police department's monitoring of the alarm system created a special relationship between plaintiff and defendant, creating a duty for which defendant may be held liable. While sovereign immunity exists, no such tort action can be maintained, even if a special relationship was present. *Schuster v. City of New York,* 5 N.Y.2d 75, 180 N.Y.S.2d 265, 271–272, 154 N.E.2d 534, 538–539 (1958); See also Annot., Liability of Municipality or Other Governmental Unit for Failure to Provide Police Protection, 46 A.L.R.3d 1084, 1091 (1972); Comment, Police Liability for Negligent Failure to Prevent Crime, 94 Harv.L.Rev., 821, 822–823 (1980).

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.