**Frank John YOUNT, by his Next Friend, Nancy YOUNT, Plaintiff-Appellant,**

v.

**The BOARD OF EDUCATION FOR the CITY OF ST. LOUIS, et al., Defendant-Respondent.**

No. 50043.

Missouri Court of Appeals, Eastern District, Division One.

June 30, 1986.

John A. Kilo, Klutho, Cody, Kilo & Flynn, Mark S. Howenstein, St. Louis, for plaintiff-appellant.

Morgan Stewart, Bussey & Jordan, Lloyd J. Jordan, St. Louis, for defendant-respondent.

CARL R. GAERTNER, Presiding Judge.

Frank John Yount, by his next friend Nancy Yount, brought an action against the Board of Education of the City of St.

Louis, for injuries incurred in an accident at the Long Middle School in St. Louis, Missouri. Plaintiff's petition set out, basically in the statutory language of sec. 537.-600(2), RSMo.1978, the existence of a dangerous condition in the school board's property, notice on the part of the board of this dangerous condition, and a foreseeable risk of harm to those inhabiting the school yard. The Board of Education filed a motion to dismiss on the grounds of sovereign immunity, supported by an affidavit that it carried no liability insurance covering plaintiff's claim. This motion was sustained.

The court below stated that its order dismissing the defendant would be final for purposes of appeal "if plaintiff files an amended petition to add additional party defendants within 20 days of this Order." Plaintiff did file a motion adding the principal of the Long Middle School as an additional defendant, "with the understanding that Defendant, the Board of Education, shall be hereby dismissed with prejudice, and said dismissal order made final for purposes of appeal."

One of our preliminary inquiries must be whether we have before us a final judgment. A court's designation of an order as final does not automatically make it such. *Petersen v. Farberman,* 698 S.W.2d 554, 556 (Mo.App.1985). "For a judgment to be final and appealable it must dispose of all parties and all issues in the case and leave nothing for future determination." *Id.*

However, the principal could not utilize sovereign immunity as a defense because that defense is uniquely applicable to the governmental entity; i.e., the School Board, and is not transferable to an agent of that entity. *Rustici v. Weidemeyer,* 673 S.W.2d 762, 768 (Mo.banc 1984). When the trial court designates as final an order dismissing one of two defendants, on the basis of a defense available only to the dismissed defendant, such order constitutes a "distinct judicial unit" reviewable on appeal. *Klippel v. Watkins,* 667 S.W.2d 28, 30 (Mo. App.1984). Therefore, we will treat the Board of Education as finally dismissed from the case, and the court's order as a final, appealable order. The judgment is affirmed.

In *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo.banc 1977), the Missouri Supreme Court judicially abrogated the doctrine of sovereign immunity, but expressly declared a delay in the future application of this decision subject to legislative consideration. *Id.* at 231. In response to this decision the Missouri General Assembly promptly enacted sec. 537.600, RSMo. 1978, retaining sovereign immunity except as to injuries arising out of the operation of motor vehicles and injuries caused by a dangerous condition of a public entity's property. Simultaneously enacted was sec. 537.610. This section was construed in *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864 (Mo.banc 1983) as limiting the application of the two exceptions specified in sec. 537.600 "only to the extent that the public entity acquires insurance for such purpose." *Id.* at 870. The rule in *Bartley* that the failure of the public entity to carry liability insurance nullifies the two exceptions to the applicability of sovereign immunity, has been consistently followed.[1]

Initially, we note that the effect of the *Bartley* requirement of insurance coverage prior to finding waiver has been eliminated by statute. Section 537.600.2, RSMo.Supp. 1985, now provides:

2. The express waiver of sovereign immunity in the instances specified in subdivisions (1) and (2) of subsection 1 of this section are absolute waivers of sovereign immunity in all cases within such situations whether or not the public entity was functioning in a governmental or

---

1. *Brown v. Greene County,* Mo., 677 S.W.2d 432 (Mo.App.1984); *Sanchez v. Missouri Div. of Youth Services,* 672 S.W.2d 164 (Mo.App.1984); *Ozark Silver Exchange, Inc. v. City of Rolla,* 664 S.W.2d 50 (Mo.App.1984); *Twente v. Ellis Fischel State Cancer Hosp.,* 665 S.W.2d 2 (Mo.App. 1983); *Counts v. Morrison-Knudsen, Inc.,* 663 S.W.2d 357 (Mo.App.1983); *Hohimer v. Missouri Highway & Transp. Com'n.,* 659 S.W.2d 521 (Mo. App.1983); *McConnell v. St. Louis County,* 655 S.W.2d 654 (Mo.App.1983); *Best v. Schoemehl,* 652 S.W.2d 740 (Mo.App.1983).

proprietary capacity and whether or not the public entity is covered by a liability insurance for tort.

This provision became effective September 28, 1985, while the cause of action in the case at bar accrued in October, 1983. The order of the court below dismissing the Board of Education was made on April 16, 1985.

Ordinarily, statutes are applied prospectively only unless (1) the legislature displays an intent for retroactive application; or (2) the statute is procedural only and does not affect any substantive rights of the parties. *Robinson v. Heath,* 633 S.W.2d 203, 205 (Mo.App.1982). Here, the statute is silent regarding prospective application. It does affect substantive rights as it exposes the Board to a liability from which it was immune prior to the statute's enactment.

Moreover, the exact issue of retroactive application of the 1985 version of sec. 537.-600 was addressed in *State ex rel. Missouri Highway v. Appelquist,* 698 S.W.2d 883 (Mo.App.1985). Referring to the purpose for delaying immediate abrogation of the defense of sovereign immunity expressed by the Supreme Court in *Jones v. State Highway Commission,* 557 S.W.2d at 231; i.e., to permit an orderly transition, adequate financial planning and adjustment of governmental policies, the *Appelquist* court concluded retroactive application of the 1985 statute would constitute a "bizarre denouement." *Id.* at 898. The court concluded that the need for time to enable the governmental agencies affected to prepare for the changes occasioned by the Act necessarily implied a legislative intent that the statute operate only prospectively.

■ We also refuse to apply the 1985 statute retroactively. To do so would strip the Board of a defense which it was entitled to assert under the *Bartley* rule in effect upon the date of plaintiff's injuries.

This would violate the provision of Art. I, sec. 13 of the Missouri Constitution prohibiting the enactment of any law "retrospective in its operation...."

Plaintiff's argument to avoid the *Bartley* rule, essentially, is that time has proven the *Bartley* court to be wrong in its divination of legislative intent, and therefore the court's insurance rule was *never* worthy of being followed. "It has been held that the judicial construction of a statute by a court of last resort becomes as much a part of the statute as the text itself." *Appelquist,* 698 S.W.2d at 895; *Eberle v. Koplar,* 85 S.W.2d 919, 923 (Mo.App.1935). Therefore, since *Bartley* and its progeny governed the cause below and since plaintiff has not pleaded or proven utilization by the Board of a policy of liability or self-insurance,[2] the court was correct in dismissing the Board of Education from the case.

The judgment is affirmed.

SMITH and SNYDER, JJ., concur.

---

**2.** Plaintiff did attach to his brief a copy of something that appears to be an indemnification of employees statement. However, there is nothing to indicate that this document was even presented to the trial court. Nevertheless, the document is applicable only to individual employees and expressly denies that it constitutes a waiver of the defense of sovereign immunity to tort claims brought against the Board.