The **BOARD OF EDUCATION OF the CITY OF ST. LOUIS,** Relator,

v.

The Honorable Thomas C. **MUMMERT, III,** Judge of the Circuit Court of the City of St. Louis, Missouri, Division 1, Respondent.

No. 64787.

Missouri Court of Appeals, Eastern District, Division Four.

May 24, 1994.

Kenneth C. Brostron, Nelson G. Wolff, Lashly and Baer, St. Louis, for relator.

Brian D. Klar, Klutho, Cody, Kilo, Flynn, Billingsley & Trame, St. Louis, for respondent.

SIMON, Judge.

The Board of Education of the City of St. Louis, relator, seeks to make permanent our preliminary order in prohibition granted on November 1, 1993, ordering the Honorable Thomas C. Mummert, III, Judge of the Circuit Court of the City of St. Louis, Missouri, respondent, to refrain from all action in the case of *Frank John Yount vs. The Board of Education of the City of St. Louis,* Cause No. 902–05274. Relator contends that the doctrine of res judicata bars the instant action in that the identical claim was previously adjudicated on the merits, and that Rule 67.03 of the Missouri Rules of Civil Procedure (1993) bars the instant claim in that the same cause

of action against relator was previously dismissed with prejudice. The preliminary order is made permanent.

The record shows that on July 2, 1984, Frank Yount, a minor, by his next friend Nancy Yount, filed his first cause of action in the Circuit Court for the City of St. Louis, styled *Yount v. Board of Education for the City of St. Louis, (Yount I)*, 712 S.W.2d 455 (Mo.App.1986). In *Yount I*, plaintiff alleged that he fell into a protruding bench support in the schoolyard of the Humbolt Visual and Performing Arts Middle School, thereby injuring himself. Plaintiff brought the claim against the Board of Education for the City of St. Louis pursuant to the dangerous condition exception to the sovereign immunity statute 537.600(2) R.S.Mo. (1978). Relator filed its motion to dismiss *Yount I* for failure to state a claim pursuant to that statute. More specifically, relator alleged that it was shielded by the doctrine of sovereign immunity because it did not have a policy of liability insurance that covered negligent acts of its staff members, employees, and representatives. This liability insurance prerequisite to the waiver of sovereign immunity was provided for in R.S.Mo. 537.600. In support of its motion to dismiss, relator filed a memorandum in support and an affidavit by Patrick Reed, Supervisor of Insurance for the Board of Education of the City of St. Louis, stating that it carried no liability insurance covering plaintiff's claim. On March 14, 1985, the Circuit Court issued its order sustaining relator's motion to dismiss with prejudice for failure to state a claim upon which relief could be granted.

After the Circuit Court's dismissal of *Yount I*, § 537.600 was amended effective September 28, 1985, eliminating the insurance coverage prerequisite to the waiver of sovereign immunity for a dangerous condition on the public entity's property. Section 537.600, as amended provided in pertinent part:

537.600. Sovereign immunity in effect—exceptions—waiver of.

1.... The immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

(1) ....

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or public entity has actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

2. The express waiver of sovereign immunity in the instances specified in subdivisions (1) and (2) of subsection 1 of this section are absolute waivers of sovereign immunity in all cases within such situations whether or not the public entity was functioning in a governmental or proprietary capacity and whether or not the public entity is covered by a liability insurance for tort.

Plaintiff appealed the Circuit Court's order of dismissal in *Yount I*, arguing that the amended statute should apply retroactively. *Yount I*, 712 S.W.2d 455, 457[3]. In affirming the trial court's order, we held that the 1985 amendment to § 537.600(2) was not retroactive because to do so would violate the provision of Art. I sec. 13 of the Missouri constitution prohibiting the enactment of any law "retrospective in its operation...." *Id.*

Later, in *Wilkes v. Missouri Highway and Transportation Commission*, 762 S.W.2d 27, 29[3] (Mo.1988), our Supreme Court held that the 1985 amendment to section 537.600 was retroactive and the Court stated that *Yount I* and other cases similarly decided "should not be followed."

On August 29, 1990, Frank Yount filed a second petition (*Yount II*) reasserting against relator the identical cause of action previously dismissed in *Yount I*. Relator twice sought dismissal of plaintiff's petition in

*Yount II* on the basis of res judicata but was denied by the trial court on May 16, 1991, and on September 22, 1993.

On September 29, 1993, relator filed its petition for writ of prohibition. On November 1, 1993, we entered our preliminary order in prohibition, ordering respondent to refrain from all action regarding this matter until further order. Respondent filed his answer to the petition for writ of prohibition on or about November 8, 1993.

On appeal, relator contends that the doctrine of res judicata bars the instant action in that the identical cause of action was previously adjudicated in *Yount I* which resulted in a final judgment on the merits. Relator's second point on appeal asserts that Rule 67.03 (1993) bars plaintiff's assertion of the instant action in that the same cause of action against relator was previously dismissed with prejudice. Respondent argues that the doctrine of res judicata does not bar plaintiff's action because the original action never resulted in a final judgment on the merits. Furthermore, respondent asserts that Rule 67.03 (1993) does not bar the plaintiff's cause of action in that this rule does not prohibit parties from bringing actions that have not been adjudicated on their merits.

The pertinent parts of Rule 67.03 (1993) provide:

> A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. *A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party.* (emphasis added).

Missouri courts have held that Rule 67.03 provides that a dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. *State ex rel. v. Vicker's Inc. v. Teel,* 806 S.W.2d 113, 118[5] (Mo.App.1991).

▉ A writ of prohibition is an appropriate remedy for failure to grant a motion to dismiss where the pleadings demonstrate that the pending petition attempts to state a cause of action barred by Rule 67.03. *Id.*

▉ For the sake of a logical presentation, we will address relator's second point first.

Here, the record indicates that in the underlying suit, the plaintiff brought the same cause of action against the same defendant as in *Yount I.* Although respondent does not dispute this, respondent argues that our Supreme Court in *Denny v. Mathieu,* 452 S.W.2d 114, 118[2, 3] (Mo.1970), stated that dismissals with prejudice pursuant to Rule 67.03 do not operate as an adjudication on the merits, and therefore, the plaintiff in the underlying suit is not barred from bringing the instant cause of action.

Respondent misinterprets *Denny.* When our Supreme Court decided *Denny,* Rule 67.03 provided that a dismissal with prejudice operates as an adjudication upon the merits. In *Denny,* Denny sued Rhodes to recover for personal injuries sustained in an automobile collision, and also sued Rhodes' employer, Mathieu. During final argument, Denny dismissed with prejudice the case against Rhodes. The question on appeal was whether, under the provisions of Rule 67.03, the dismissal with prejudice is equivalent to a jury verdict in Rhodes' favor and constitutes a bar to Denny's right to proceed against defendant Mathieu. The court held that such a dismissal actually adjudicates nothing and does not act as an adjudication upon the merits. *Denny,* 452 S.W.2d at 118 [2, 3]. However, the Court held that Rule 67.03 served only as a mechanism to terminate litigation. *Id.* Therefore, such a dismissal serves as a mechanism to terminate litigation and would bar Denny from filing a new suit against Rhodes. *Denny,* 452 S.W.2d at 118[4]. To conform with *Denny,* Rule 67.03 was amended to provide that a dismissal with prejudice bars the assertion of the same cause of action or claim against the same party, effective September 1, 1973. The effect of the amendment is to bar the subsequent suit by the provisions of the rule and not by application of the doctrine of res judicata, which calls for an adjudication on the merits. *State ex rel. Willens v. Grey,* 757 S.W.2d 656, 658[3] (Mo.App.1988).

Here, *Yount I* was dismissed with prejudice for failure to state a claim upon which relief could be granted. It was an involuntary dismissal. The claim in *Yount I* was brought by plaintiff's next friend, his mother

Nancy Yount. The claim in *Yount II* was brought by Frank Yount, now of age. In *Yount I*, Nancy Yount represented the legal rights of Frank Yount. The claim in *Yount I* was based on negligence of the Board of Education for the City of St. Louis for failure to correct a dangerous condition on the public entity's property. The claim in *Yount II* is the same. Therefore, since the claims are the same, Rule 67.03, and not the doctrine of res judicata, bars the assertion of the cause of action or claim in *Yount II*. Consequently, it is unnecessary to consider relator's first point, that the subsequent claim in *Yount II* is barred by the doctrine of res judicata.

Therefore, the preliminary order in prohibition is made permanent. Respondent is prohibited from proceeding further in this case other than to enter an order, consistent with this opinion, sustaining relator's motion to dismiss. Writ made permanent.

SMITH, P.J., and KAROHL, J., concur.