**Rita A. VILSICK, et al.,**
**Plaintiffs/Appellants,**

v.

**STANDARD INSULATIONS, INC.,**
**Defendants/Respondents.**

No. 69065.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 2, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 1996.

Alan J. Agathen, Clayton, for appellants.

Kristine Kraft, Posinelli, White, Vardeman & Shalton, St. Louis, and Karen L. Kendall, Timothy D. Seiffert, Brad A. Elward, Heyl, Royster, Volker & Allen, Edwardsville, IL, Thomas B. Weaver, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for respondents.

Before CRANE, P.J., AHRENS, J., and BLACKMAR, Senior Judge.

## PER CURIAM.

In this procedurally unusual case, plaintiffs, the surviving children of James B. Burton, appeal the denial of their motion to set aside the October, 1990 dismissal of their wrongful death claim against numerous corporate defendants. We affirm.

The facts are undisputed. On December 5, 1983 plaintiffs filed a wrongful death action against defendants. In October, 1990, the trial court, without providing actual notice or an opportunity to be heard, dismissed for failure to prosecute all of its cases which had been pending for more than two years and which were not on a trial docket[1]. All dismissals were without prejudice. Constructive notification informed petitioners of the procedure necessary to set aside the dismissal. Two of the cases dismissed in this manner were plaintiffs' wrongful death action and a "dioxin" suit brought by Joseph Henningsen. The petitioners in both cases sought relief from the dismissal, but with differing results.

Plaintiffs did not learn about the dismissal of their claim for sixteen months. They then refiled their wrongful death action against the same defendants on March 25, 1992. Upon defendants' motions, the trial court dismissed the refiled claim with prejudice because it was untimely in violation of § 516.230, RSMo 1986. We affirmed this second dismissal. We also upheld the propriety of the October, 1990 dismissal docket, holding, inter alia, that "the court's failure to send plaintiffs notice the case had been dismissed, pursuant to Rule 74.03, would not warrant setting aside the first dismissal...." *Vilsick v. Fibreboard Corp.*, 861 S.W.2d 659 (Mo.App.1993)("*Vilsick I*").

Joseph Henningsen, the petitioner in *Henningsen v. Independent Petrochemical Corp.*, 875 S.W.2d 117 (Mo.App.1994), did not discover the dismissal of his "dioxin" claim for thirteen months. Henningsen then filed a motion to set aside the dismissal. The trial court denied the motion, but we reversed, holding that the dismissal order "was void because: (1) it was entered on October 9, 1990 without actual or constructive notice to any party; (2) it was entered in violation of local Rule 37 ...; and, (3) ... no effort was made to determine ... [whether petitioner actually] failed to prosecute the dioxin case." *Id.*, at 118. In explaining the conflicting results of *Vilsick I* and *Henningsen*, we noted that the petitioner in *Henningsen* advanced several arguments which were left unraised in *Vilsick I* and developed a significantly more extensive record. *Id.*, at 121.

On the heels of the *Henningsen* decision, plaintiffs brought the instant action praying that the October, 1990 dismissal be set aside or that they be granted an evidentiary hearing to create a more extensive record. The trial court denied the motion concluding that the "law of the case" doctrine precludes revisiting the issue of the first dismissal. Plaintiffs appealed in a timely manner.

In their second point relied on[2], plaintiffs argue the trial court erroneously utilized the "law of the case" doctrine in the instant situation. Because we affirm the trial court's order pursuant to Rule 67.01, we need not determine the propriety of the "law of the case" doctrine here nor address plaintiffs' other arguments. "The action of the trial court must be affirmed if it is correct upon any theory." *Washington University Medical Center v. Komen*, 637 S.W.2d 51, 53

---

1. For an extensive description of the dismissal procedure, *see Henningsen v. Independent Petrochemical Corp.*, 875 S.W.2d 117 (Mo.App.1994).

2. We address plaintiffs' points out of order for the sake of convenience.

(Mo.App.1982); *see also Property Exchange & Sales, Inc. v. King,* 822 S.W.2d 572, 573 (Mo.App.1992). As with review of court-tried cases, we are concerned here with the correctness of the result reached, not the route taken to reach that result. *Welshans v. Boatmen's Bancshares, Inc.,* 872 S.W.2d 489, 495 (Mo.App.1994).

 Rule 67.01 clearly supports the trial court's denial of plaintiff's motion. Rule 67.01, in pertinent part, states: "A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party[3]." This rule extends res judicata principles to cases dismissed with prejudice and serves as a mechanism to terminate litigation. *Rice v. Taylor-Morley-Simon, Inc.,* 842 S.W.2d 926, 928–29 (Mo.App.1992). However, unlike the doctrine of res judicata, application of Rule 67.01 does not require a prior adjudication on the merits. *Id.; cf. Korte Trucking Co. v. Broadway Ford Truck Sales,* 877 S.W.2d 218 (Mo.App.1994).

We addressed a factually similar case in *Board of Ed. of St. Louis v. Mummert,* 877 S.W.2d 153 (Mo.App.1994). There, we granted a writ of prohibition ordering the Honorable Thomas Mummert to refrain from all action in the case of *Yount v. Board of Ed. of St. Louis,* Cause No. 90–05274 (*Yount II*) because we had previously dismissed with prejudice the identical cause of action involving the same parties in *Yount v. Board of Education of St. Louis,* 712 S.W.2d 455 (Mo. App.1986)(*Yount I*). *Yount I* held that § 537.600(2), RSMo.1985 was not retroactive. Two years later, in a different case, the Supreme Court held that this statute was retroactive. *Wilkes v. Missouri Highway and Transportation Commission,* 762 S.W.2d 27, 29 (Mo. banc 1988). Because the holding, but not the judgment, of *Yount I* was overturned, petitioner attempted to reassert the same cause of action. *Mummert,* 877 S.W.2d at 154. We refused to reach the merits of his case holding that Rule 67.03 [now 67.01] bars the subsequent suit. *Id.* at 155–56.

We find *Mummert* persuasive. Plaintiffs do not contend that the cause of action, claims or parties here are different than the ones in *Vilsick I.* Therefore, Rule 67.01 bars plaintiffs from asserting their causes of action and claims despite the conflicting result reached in *Henningsen.*[4] The trial court did not err in denying plaintiffs' motion to set aside the October, 1990 dismissal.

Affirmed.

---

**3.** Former Rule 67.03, which became Rule 67.01 effective January 1, 1994, adopted the relevant language to conform to *Denny v. Mathieu,* 452 S.W.2d 114 (Mo. banc 1970).

**4.** Rule 67.01 was not applicable in *Henningsen* because there was no previous dismissal with prejudice in that case.