Roger WILLIAMS, et al, Appellant,

v.

Billy Joe RAPE, et ux., Respondent.

No. WD 55371.

Missouri Court of Appeals,
Western District.

Feb. 16, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1999.

Application to Transfer Denied
June 1, 1999.

Kenneth C. Hensley, Raymore, for appellant.

Kevin K. Anderson, Harrisonville, for respondent.

Before Chief Judge PATRICIA BRECKENRIDGE, Presiding Judge LAURA DENVIR STITH and Judge VICTOR C. HOWARD.

LAURA DENVIR STITH, Judge.

The trial court dismissed the suit filed by Plaintiffs–Appellants Roger and Eunice Williams and their children, Plaintiffs–Appellants Patrick and Bradley Williams, on the grounds that the dismissals of their four prior lawsuits involving the same parties had a preclusive effect on the present suit. Plaintiffs claim the trial court erred in granting the motion to dismiss under the doctrine of *res judicata* because each of the four prior cases was decided on procedural grounds, without reaching the merits of their claims, and *res judicata* does not apply where there has not been a prior adjudication on the merits. The record reveals, however, that in its judgment dismissing Suit 4 the court determined that summary judgment, rather than a dismissal for failure to state a claim, had been entered against Plaintiffs in Suit 3. Plaintiffs did not appeal that judgment, and thus are now precluded under the doctrine of collateral estoppel from relitigating that issue. Since summary judgment is a determination on the merits, *res judicata* principles do apply to bar their claims.

Even were Plaintiffs correct that *res judicata* does not apply, however, we would still find their claims barred under Rule 67.01. That Rule bars a plaintiff from bringing suit if the same cause of action has already been dismissed with prejudice. Plaintiffs concede that their contract claims were dismissed with prejudice in Suits 2 and 4. We reject their argument that the instant suit involves a different cause of action because it sounds in *prima facie* tort rather than in contract; under well-established principles of Missouri law, because the *prima facie* tort claim arose from the same facts and circumstances as the claims asserted in the prior lawsuits, it is barred under Rule 67.01, just as it is barred under the doctrine of *res judicata*. For these reasons, the judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs claim they are the successors in interest to causes of action belonging to an administratively dissolved Missouri corporation known as Pepper Prairie, Inc. Defendants are the successors in interest of Octo Associates, Inc., a forfeited Missouri corporation. These two corporations entered into a contract for the purchase of certain real property on August 3, 1988.

The parties were unable to complete the contract and Plaintiffs filed a cause of action in Jackson County, Missouri, No.

CV92–6011, on March 12, 1992 (Suit 1). Plaintiffs voluntarily dismissed this case without prejudice before it went to trial. They then filed a second suit, this time in Cass County, No. CV192–354CC, on April 17, 1992 (Suit 2). Defendants filed a motion to dismiss Suit 2 on May 14, 1992, but before this motion was ruled on, Defendants also filed a motion for summary judgment on August 20, 1992. Without leave of court, Plaintiffs responded by filing a notice of dismissal without prejudice. Plaintiffs concede that, because Suit 2 was voluntarily dismissed without leave of court, and because this was Plaintiffs' second voluntary dismissal, the dismissal was with prejudice. Rules 67.01, 67.02.

Suit 3 was commenced in Cass County on October 26, 1992, as Case No. CV192–987CC. Defendants' motion to dismiss Suit 3 was filed on November 30, 1992. The trial court sustained this motion on December 22, 1992, but on January 22, 1993 granted the Plaintiffs' request to set aside the dismissal. Defendants then requested that the trial court rule on the motion for summary judgment they said they had filed in that suit, while Plaintiffs claim Defendants had filed a motion for summary judgment only in Suit 2, and that had already been dismissed. Both parties nonetheless filed briefs on the issue of summary judgment. Plaintiffs claim that, after they filed their brief, they received no notice from the trial court for over a month. On March 30, 1993, the court clerk allegedly told the Plaintiffs that the court would rule within a few weeks. On May 3, 1993, however, the Plaintiffs received a court order dated May 3, 1993, stating that on March 29, 1993, the trial court had granted the Defendants' motion for summary judgment as to case number CV192–354CC, i.e., Suit 2.

The Plaintiffs noted this problem and requested the trial court to review its order and advise the parties whether the court's ruling applied to Suit 2 or Suit 3. The court asked counsel for both parties which motions they felt were pending at the time of the court's ruling. On October 4, 1993, the Plaintiffs requested a hearing date to address these issues on the record. The hearing was set for November 5, 1993. The court notified Plaintiffs on October 29, 1993, however, that neither of the cases filed by the Plaintiffs (neither Suit 2 nor 3) were active and no hearing would be held. Plaintiffs attempted to file an out-of-time appeal of this order but were unsuccessful. Plaintiffs filed a Petition for Writ of Mandamus asking this Court to order the trial judge to enter the "appropriate" orders in CV192–987CC. We denied Plaintiffs' request on June 30, 1994.

Plaintiffs then filed Suit 4, CV196–26CC, (their third suit filed in Cass County), on January 10, 1996. Defendants again filed a motion to dismiss. That motion was sustained by the trial court on June 6, 1996, in an order which determined that Plaintiffs' dismissals of their prior suits were with prejudice, that summary judgment had previously been granted in favor of Defendants in Suit 3, that Plaintiffs' unappealed prior actions are a *res judicata* bar against further actions, that Plaintiffs failed to state a claim upon which relief could be granted and that Plaintiffs lacked standing to pursue any action against an administratively dissolved corporation in an individual capacity. Plaintiffs failed to appeal that ruling.

The instant suit, the fifth filed regarding these facts, was filed in Cass County on January 28, 1997. Defendants again filed a motion to dismiss. The case was thereafter transferred to Johnson County, Missouri. The Johnson County Circuit Court sustained the Defendants' motion to dismiss on December 11, 1997. It is from this dismissal that Plaintiffs bring their appeal.

II. *PLAINTIFFS FAILED TO APPEAL THE DETERMINATION IN SUIT 4 THAT THEY HAD ALREADY LITIGATED AND LOST THEIR CLAIMS IN SUIT 3 AND THAT JUDGMENT IS A RES JUDICATA BAR AGAINST FURTHER ACTIONS*

Plaintiffs–Appellants' current suit (Suit 5) alleges a claim in *prima facie* tort.

They recognize that, in order to proceed on this theory, they must overcome objections that their litigation of this issue is barred under the doctrines of collateral estoppel and *res judicata*, and by application of the rules regarding dismissal with prejudice set out in Rule 67.01. They argue, however, that the elements of their *prima facie* tort claim were not "necessarily and unambiguously decided" against them in any earlier proceedings and, therefore, the claim brought in this, their fifth suit, is not barred by the doctrine of collateral estoppel. Plaintiffs argue that *res judicata* is also inapplicable, because it applies only to adjudications on the merits, and none of the earlier dismissals of their claims were on the merits; rather all of these suits were dismissed on procedural grounds. Finally, Plaintiffs recognize that Rule 67.01 bars the assertion of the same cause of action where, as here, an earlier suit was dismissed with prejudice, but they assert that their claim for *prima facie* tort is not the same cause of action which they asserted in their previous lawsuits, and thus is not barred under Rule 67.01.

*Plaintiff's Have Already Litigated and Lost the Issues Whether They Have Previously Adjudicated Their Claims on the Merits and Whether Res Judicata Applies.*

In arguing the issue whether *res judicata* or the other doctrines noted above bar this suit, the parties discuss a number of issues regarding the effect of the prior dismissals, regarding whether they were with or without prejudice, regarding whether summary judgment was entered in Suit 2 or Suit 3, and so forth. We need not resolve all of these procedural complexities here, however, for the dispositive ones were already resolved against Plaintiffs in Suit 4.

As noted, the trial judge dismissed Suit 4 because, based on both the pleadings and her consideration of matters contained in the court file for Suits 2 and 3, she determined as follows:

> The court finds that plaintiffs and their alter egos have previously filed this claim and dismissed said claim voluntarily two (2) times with the result that the second dismissal was with prejudice and thereafter filed a third action with the same claims, said action was dismissed by Division I of this Court; said dismissal was set aside and thereafter Summary Judgment was entered in favor of defendants; plaintiffs subsequently attempted an out-of-time appeal of said Judgment which appeal was not allowed, the Judgment is a *res judicata* bar against further actions; and the Court finds that plaintiff' petition fails to state a claim upon which relief may be granted and further; that these plaintiffs have no standing to bring this claim in any individual capacity on behalf of a corporation that was administratively dissolved, said remedy being limited to the rights of Statutory Trustees of dissolved corporations, which Statute of Limitations has expired prior to the filing of the instant action. Accordingly, for the above reasons, defendants' Motion to Dismiss is hereby sustained.

Thus, in Suit 4, the court determined the issue whether Plaintiffs had dismissed Suit 2 with prejudice and further determined that Suit 3 was dismissed on summary judgment and that Plaintiffs had failed to timely appeal that dismissal. Plaintiffs never appealed that judgment against them in Suit 4. They are therefore bound by the determinations in that suit, and cannot now attempt to relitigate or avoid the effect of the issues decided therein by claiming in the current suit that none of the prior four suits reached the merits of their claims. The ruling in Suit 4 became *res judicata* of the matters decided therein.[1] This is merely an applica-

---

1. This is of course true if the judgment in Suit 4 is considered one in summary judgment since the court went outside the pleadings and took judicial notice of court records of dismissed actions. *See, e.g., Johnson v. Raban,* 702 S.W.2d 134, 136 (Mo.App.1985)

tion of the general rule that the validity of a judgment may only be impeached in an action by a formal appeal, "the sole object of which is to deny and disprove the judgment." *Travis v. Contico Intern., Inc.,* 928 S.W.2d 367, 369 (Mo.App.1996), *quoting, In re Marriage of Caby,* 825 S.W.2d 56, 59 (Mo.App.1992). A collateral attack on a judgment in a separate suit is an attempt to impeach the judgment in a proceeding not instituted for the express purpose of annulling the judgment and is prohibited. *Id.* Because Suit 4 determined that summary judgment was granted in Suit 3, and because summary judgment is an adjudication on the merits, *res judicata* principles do apply. We thus turn to the issue whether *res judicata* bars this action.

### Plaintiffs' New Cause of Action for Prima Facie Tort is Barred by Res Judicata

■ *Res judicata* precludes Plaintiffs from relitigating the issues which were already determined against them in their prior suits. They therefore may not assert any cause of action contained therein in this suit. *State ex rel. Vicker's, Inc. v. Teel,* 806 S.W.2d 113, 117 (Mo.App.1991). Nothing in the doctrine of *res judicata* precludes Plaintiffs from asserting a new and distinct cause of action against these Defendants. This is what they allege they have done here. We thus turn to the issue whether Plaintiffs' *prima facie* tort claim constitutes a new and distinct cause of action from that asserted in their prior suits.

(holding that where court considered court files in addition to pleadings, the motion in effect becomes one for summary judgment). It is not clear here whether notice was given that the court would go outside the pleadings. Even if notice were not given, however, by failing to appeal this lack of notice any error in granting the summary judgment was waived. We nonetheless note that, even if the ruling in Suit 4 is considered a dismissal rather than summary judgment, that judgment precludes Plaintiffs from relitigating the matters determined therein. *Id. See also*

■ Plaintiffs argue that the claims asserted in their earlier suits are in no way identical to the claim now raised as to whether Defendants committed a *prima facie* tort, stating:

The dismissal of Cass County case number CV196–26CC with prejudice does not collaterally estop the Appellants from bringing a cause of action for prima facie tort. That particular case had counts for anticipatory breach of contract, business interference, fraud and misrepresentation, abuse of process, libel and slander, rescission, and a count to set aside foreclosure. Each one of these causes of actions differ from prima facie tort. This difference means that issues in the previous lawsuits were in no way "identical" to the issues presented in the present action for prima facie tort.

Plaintiffs interpret what constitutes the same "cause of action" too narrowly. In *King General Contractors, Inc. v. Reorganized Church,* 821 S.W.2d 495 (Mo. banc 1991), the Supreme Court was required to decide whether a later action for tortious interference was barred by the judgment in an earlier case arising from the same contracts and the same underlying facts. *King* recognized "four identities" that must be satisfied in order for *res judicata* to adhere. There must be:

1) identity of the thing sued for;

2) identity of the cause of action;

3) identity of the persons and parties to the action; and

*Chromalloy American v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997) ("A dismissal without prejudice may operate to preclude the party from bringing another action for the same cause and may be res judicata of what the judgment actually decided."); *Mahoney v. Doerhoff Surgical Services,* 807 S.W.2d 503, 506 (Mo. banc 1991) (A dismissal which is on grounds which preclude the dismissed party from bringing another action, because the basis of the objection cannot be corrected, is appealable, and once final is *res judicata* of the matters determined therein.).

4) identity of the quality of the person for or against whom the claim is made. *Id.* at 501.

█ Unlike collateral estoppel, *res judicata* applies not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, but also to every point properly belonging to the subject matter of the litigation and which the parties, exercising reasonable diligence, might have brought forward at the time. *Id.* A party may not litigate an issue and then, upon an adverse verdict, again assert the claim on cumulative grounds which could have been raised in the earlier case. And, most importantly here, *King* reaffirmed that:

> *separate legal theories are not to be considered as separate claims, even if 'the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.'*

*Id.*(emphasis added*).* Thus, *King* held that the test for determining whether *res judicata* applies is not whether a new suit states a different legal theory, but whether it arises out of the same transaction or occurrence and involves the same parties, subject matter, and evidence, for:

> *Res judicata* and splitting a cause of action are so closely related because

both are designed to prevent a multiplicity of lawsuits. A cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the merits in the first suit is a bar to a second suit. In general, the test for determining whether a cause of action is single and cannot be split is: 1) whether separate actions brought arise out of the same act, contract or transaction; 2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. The word 'transaction' has a broad meaning. It has been defined as the aggregate of all the circumstances which constitute the foundation for a claim. It also includes all of the facts and circumstances out of which an injury arose.

*Id.*[2] Relying on the above principles, *King* determined that plaintiffs' tortious interference claim arose from the same transaction or series of connected transactions out of which the prior cause of action arose, stating: "It is merely a variant theory, emphasizing different facts and thus is barred by *res judicata.*"[3] *Id.* at 502.

█ Similarly, here, Plaintiffs' claims all arise from the same transaction, i.e., the sale of the real estate between the two dissolved corporations. Even a cursory review of the pleadings reveals that the parties, subject matter and the underlying

---

2. *See also Restatement (Second) of Judgments § 24 (1982)*, cited by *King* in reaching its holding. The Restatement sets out the parameters of the *res judicata* bar as follows:
   **Sec. 24. Dimensions of "Claim" for Purposes of Merger or Bar—General Rule Concerning "Splitting"**
   (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transaction, out of which the action arose.
   (2) What factual grouping constitutes a "transaction", and what groupings consti-

tute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

3. *See also* Judge Blackmar's concurring opinion, "The plaintiff should not be allowed to bring the contract between the church and the general contractor into litigation, seek relief from the church related to that contract, and then preserve a separate claim against the church relating to the contract, simply by labeling it a tort claim." *Id.* at 503.

facts giving rise to suit are all the same, and that Plaintiffs' present claim, while sounding in *prima facie* tort, is in fact based on the facts underlying the claims that have been filed and dismissed in the four prior lawsuits. Based on the reasoning in *King* and similar cases as discussed above, we therefore find that Plaintiffs' current suit arose from the same transaction or series of connected transactions out of which their earlier cause of action arose, and it is therefore barred by the doctrine of *res judicata.*[4]

### III. THE PRINCIPLES OF RES JUDICATA, INCLUDING THE PRINCIPLE THAT PLAINTIFFS CANNOT AGAIN ASSERT THE SAME CAUSE OF ACTION, ARE INCORPORATED INTO RULE 67.01 AND BAR THIS SUIT SINCE IT WAS PREVIOUSLY DISMISSED WITH PREJUDICE

■ Even had we agreed with Plaintiffs' argument that *res judicata* does not apply because none of Plaintiffs' prior suits were litigated on the merits, we would still be faced with the issue whether the instant suit is barred under Rule 67.01. Rule 67.01 provides that "A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party."

Plaintiffs admit that they had at least two prior dismissals with prejudice, and that Rule 67.01 therefore bars them from again proceeding on the same cause of action. They nonetheless argue that the definition of "cause of action" is narrower under Rule 67.01 than under *res judicata,* and would not preclude their *prima facie* tort claim since it sounds in tort rather than in contract. The cases they cite for this proposition are not on point, however. Those cases simply state that Rule 67.01 is

narrower than the doctrine of *res judicata* in the sense that it does not require a prior adjudication to be on the merits. *Vilsick v. Standard Insulations, Inc.,* 926 S.W.2d 499 (Mo.App.1996); *Board of Educ. v. Mummert,* 877 S.W.2d 153 (Mo.App.1994). They do not say that the term "cause of action" is to be more narrowly interpreted as used in Rule 67.01 than it is under the doctrine of *res judicata.*

By contrast, cases such as *Vilsick* indicate that *res judicata* principles are to be applied to dismissals under Rule 67.01 just as they are applied in cases decided under the common law doctrine itself. As *Vilsick* noted, in *Denny v. Mathieu,* 452 S.W.2d 114 (Mo. banc 1970), the Missouri Supreme Court had held that *res judicata* applies only where a prior determination has been made on the merits, and therefore a claim was not barred if the earlier suit was dismissed only on procedural grounds without reaching the merits. *Denny,* 452 S.W.2d at 118. In response to this ruling, Rule 67.01 was amended to provide:

· A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. ***A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party.***

Rule 67.01 (emphasis added).

The purpose of this revision to Rule 67.01 was to *extend res judicata principles to cases which had been previously dismissed with prejudice* without reaching the merits. *Vilsick,* 926 S.W.2d at 501. In this way, the rule could serve as a mechanism to terminate litigation of a case which had already been dismissed with prejudice. *Id.* As discussed above, a basic principle of *res judicata* is that a party is barred from bringing the same cause of

---

4. We do not need to address the merits of Plaintiffs claim for *prima facie* tort but would note the *prima facie* tort doctrine cannot be utilized when a recognized tort is otherwise available. *See Woolsey v. The Bank of Versailles,* 951 S.W.2d 662 (Mo.App.1997) (holding borrowers could not utilize the theory of *prima facie* tort and the trial court did not err in rejecting their claim where the conduct they asserted established the elements of *prima facie* tort was identical to that supporting wrongful foreclosure, a claim they had alleged and prosecuted.)

action, and that a claim based on an alternative legal theory, but growing out of the same facts and filed against the same party, is considered the same cause of action. *King General Contractors, Inc. v. Reorganized Church,* 821 S.W.2d 495 (Mo. banc 1991); *Siesta Manor, Inc. v. Community Federal,* 716 S.W.2d 835 (Mo.App.1986). Nothing in any of the cases cited by Plaintiffs or interpreting Rule 67.01 suggest that this principle should be applied any differently under Rule 67.01 than it is when applied under the common law; to do so would conflict with the purpose of the revision, which was to extend *res judicata* principles to dismissals under Rule 67.01.

Plaintiffs' *prima facie* tort claim in the instant suit is based on the same facts and circumstances, and involves the same parties and subject matter, as were involved in their four prior suits. Under Rule 67.01, they are thus barred from again asserting the same cause of action, albeit under the rubric of a different legal theory.

For all of these reasons, the judgment is affirmed.

Chief Judge PATRICIA BRECKENRIDGE, Presiding, and Judge VICTOR C. HOWARD, concur.