# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3456

_____

Hunter R. Levi,                             *
                                            *
            Appellant,                      *   Appeal from the United States
                                            *   District Court for the
      v.                                    *   Western District of Missouri
                                            *
Aerotek, Inc.; Allegis Group,               *   [UNPUBLISHED]
                                            *
            Appellees.                      *

_____

Submitted: April 23, 2010
Filed:  May 7, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Hunter Levi appeals the district court's[1] dismissal of a civil action he brought under diversity jurisdiction.  Upon careful de novo review, see Banks v. Int'l Union Elec., Elec., Technical, Salaried & Mach. Workers, 390 F.3d 1049, 1052 (8th Cir. 2004) (de novo review of dismissal based on res judicata), we find no basis for reversing the district court's dismissal, which relied upon a prior dismissal with prejudice, see Mo. R. Civ. P. 67.01 (dismissal with prejudice bars assertion of same cause of action or claim against same party); Denny v. Mathieu, 452 S.W.2d 114, 118

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

(Mo. 1970) (en banc) (dismissal with prejudice serves as mechanism for termination of litigation rather than adjudication of issues therein involved); <u>Vilsick v. Standard Insulations, Inc.</u>, 926 S.W.2d 499, 501 (Mo. Ct. App. 1996) (Rule 67.01 extends res judicata principles to cases dismissed with prejudice; application of Rule 67.01 does not require prior adjudication on merits); <u>see also</u> <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 27 n.6 (1988) (state procedural rule may be applied if rule does not conflict with federal rule and furthers twin goals of <u>Erie</u>[2] doctrine: avoiding inequitable administration of laws and discouraging forum shopping).

In addition, we note that the remaining applicable res judicata principles are satisfied, because the prior dismissal was based on proper jurisdiction with respect to the state law claims raised in the present case; the prior case involved causes of action centered on the same factual bases as the causes of action in the present case, <u>see</u> <u>Chesterfield Village, Inc. v. City of Chesterfield</u>, 64 S.W.3d 315, 318-19 (Mo. 2002) (en banc) (definition of "cause of action" centers on facts that form or could form basis of previous adjudication; when determining whether party asserts same claim in two cases, court looks to factual bases for claims, not legal theories); and both suits involved the same parties or privies, <u>see</u> <u>Lomax v. Sewell</u>, 50 S.W.3d 804, 809 (Mo. Ct. App. 2001) (privity, as basis for satisfying "same party" requirement of res judicata, is premised on proposition that interests of party and non-party are so closely intertwined that non-party can fairly be considered to have had his or her day in court); <u>see also</u> <u>McDonald v. Johnson & Johnson</u>, 776 F.2d 767, 769-70 (8th Cir. 1985) (in diversity actions, res judicata is matter of substantive law, requiring application of state law); <u>Anderson v. Waddles</u>, 474 F. Supp. 2d 1116, 1118 (E.D. Mo. 2007) (setting forth res judicata principles under Missouri law).

Accordingly, we affirm. <u>See</u> <u>Phipps v. FDIC</u>, 417 F.3d 1006, 1010 (8th Cir. 2005) (court may affirm on any basis supported by record).

---

[2]<u>Erie R.R. v. Tompkins</u>, 304 U.S. 64, 78 (1938).